## HENSON *v.* VEATCH.

Although a defendant obtain a verdict and judgment in an action against him fo- slanderous words, the plaintiff may sue him again for other words spoken previously to the commencement of the first action.

Where the action is for words, charging the plaintiff with having sworn false on the trial of a cause wherein *A.* was plaintiff and *B.* defendant; a former judgment for the defendant, in an action for saying that the plaintiff had sworn false on the trial of a cause wherein *B.* was plaintiff and *A.* defendant, is no bar.

If the defendant in slander, instead of justifying, plead the general issue, he cannot prove the truth of the words either in bar of the action or in mitigation of damages.

The defendant may prove in mitigation of damages, under the general issue in slander, that there was a general suspicion of the plaintiff's guilt; but evidence merely of the defendant's suspicions on the subject is inadmissible.

ERROR to the *Fayette* Circuit Court.—The plaintiff in the Court below, in this case, obtained a verdict and judgment.

HOLMAN, J.—Case for slanderous words by *Veatch* against *Henson,* charging in the first count that—in a conversation concerning a certain trial in the *Fayette* Circuit Court, between *Lyons* plaintiff and *Henson* defendant, wherein *Veatch* was sworn and examined as a witness—the defendant said the plaintiff

47

was "forsworn;" in the second count, that he was "perjured;" in the third count, that he "swore a lie." Pleas, 1st, not guilty, and issue; 2dly, that after the speaking of the words, and before the commencement of this action, the plaintiff commenced an action against the defendant for slanderous words, in which action he pleaded not guilty, and obtained a verdict and judgment—averring that the words specified in the declaration were spoken before the commencement of the former action, and were known to the plaintiff at that time, and have never been spoken or re-published since. To this plea there was a general demurrer, which was correctly sustained by the Circuit Court. The bringing of one action for slanderous words, does not bar the plaintiff from having another action for other words, although spoken previously to the commencement of the first action. 2 Esp. N. P. 109.—1 Camp. R. 48, note.—2 Phill. Ev. 107.—*Genet* v. *Mitchell*, 7 Johns. R. 120.—*Thomas* v. *Croswell*, 7 Johns. R. 264. There is a third plea, that after the speaking of the words, and before the commencement of this suit, the plaintiff commenced an action against the defendant for speaking the same words laid in the declaration, in which action he pleaded not guilty, and obtained a verdict and judgment, with a prout patet per recordum—averring that the words and parties are the same in this as in the former action. The plaintiff replied nul tiel record. The record produced in evidence presents a case where the declaration charged the defendant with speaking the same words that are laid in the present case, except those in the second count, in a conversation concerning a trial between *Henson* plaintiff and *Lyons* defendant, in which the present plaintiff was sworn and examined as a witness. The Circuit Court decided that the record did not support the plea. The words in the first and third counts are not actionable without a reference to a judicial swearing. The colloquium concerning the trial in which the plaintiff was charged to have been forsworn, is a substantial part of the description of the offence (1). So that a charge of swearing falsely on one trial, is different from a charge of swearing falsely on another trial. The record produced by the defendant, shows that he was not guilty of charging the plaintiff with being forsworn, or swearing a lie, on a trial between *Henson* plaintiff and *Lyons* defendant; but it does not show that he is not guilty of charging the plaintiff with being forsworn, or swearing a lie, on a trial between *Lyons* plain-

tiff and *Henson* defendant. See 2 Esp. N. P. 111.—Bull. N. P. 5.—6 Bac. 247, and the authorities there cited. The second count in this declaration, which contains an allegation of a charge of perjury, having been afterwards abandoned, we have not considered how far that would go to support the decision of the Circuit Court. But, independently of that count, there seems to be sufficient ground to determine, that the cause of action in the two cases is substantially variant, by reason of the words having been spoken in reference to different trials, notwithstanding the similarity or identity of the words actually spoken.

On the trial, the Circuit Court refused the defendant liberty to prove that the words were true, in mitigation of damages; and according to almost all the modern cases they were correct. It is true a contrary doctrine formerly prevailed. *Smithies* v. *Harrison*, 1 Ld. Raym. 727. But since the case of *Underwood* v. *Parks*, 2 Strange, 1200, the doctrine seems established, that the truth of the words cannot be given in evidence even in mitigation of damages, under the general issue. 2 Esp. N. P. 113. —6 Bac. 253.—Peake's Ev. 310.—2 Phill. Ev. 107.—2 Bos. & Pull. 225, note.—*Van Ankin* v. *Westfall*, 14 Johns. R. 234. The defendant also offered but was not allowed to prove that he had strong suspicions that the words were true. In *Leicester* v. *Walter*, 2 Camp. R. 251, which was an action for a libel, the defendant was permitted to prove that there was a general suspicion that the charge in the libel was true. And in *Knobell* v. *Fuller*, by C. J. *Eyre*, as cited in Peake's Ev. 310, 2 Camp. R. 253, and 2 Esp. N. P. 112, the defendant, under the general issue, was permitted to prove such facts and circumstances as showed a ground of suspicion not amounting to actual proof of guilt. We have seen no case that goes further than these; and these will not support the defendant's case. Proof of the plaintiff's general character as to the offence charged against him, or of the facts and circumstances that excited suspicion, is very different from proof that the defendant himself had suspicions that the plaintiff was guilty. We think, with the Circuit Court, that the evidence could not be admitted (2).

*Per Curiam.*—The judgment is affirmed with costs.

*Smith,* for the plaintiff.

*Caswell,* for the defendant.

(1) The reason of this is, that to charge any person with being forsworn. does not necessarily amount to a charge of perjury. So the terms villain,

May Term, **1825.**

cheat, rascal, swindler, &c. are not actionable in themselves, because they do not necessarily charge a punishable crime. On the contrary, to say that a man is guilty of perjury, forgery, murder, &c., or to call him a traitor, thief, highwayman, &c., though without stating the particulars of the offence, is actionable. 2 Chitt. Bl. 95, note.

(2) In actions for oral slander or libel, the truth of the words or writing is a good justification; but it must be specially pleaded in order that the plaintiff may be apprized of the defence relied on. So if the defendant would prove the truth of any part of the charge, he must plead a justification as to that part. *Vessey* v. *Pike*, 3 Carr. & Payne, 512. As to what proof in bar of the action, or in mitigation of damages, is admissible under the general issue, vide 2 Stark. Ev. 874—879.