Dewey, J.
Johnsoti sued Sanders in slander for charging him with perjury. The defendant pleaded, 1, The general issue, which, after two continuances from term to term, lu withdrew; 2, The statute of limitations, upon the traverse of which there was issue; 3, Three pleas of justification, alleging as many distinct instances of perjury against the plaintiff, committed on different occasions. De injuria replied to each of these pleas, and issues formed thereon. After a part of the jury was sworn, the defendant asked leave of the Court to withdraw the plea of the statute of limitations; leave was refused. When the trial commenced both parties claimed the right to begin with the testimony, and to make the opening *55 argument. The Court awarded it to the plaintiff. At the time of swearing his witnesses, and before they were examined, the defendant moved the Court to remove such witnesses as the plaintiff still held in reserve, so that they might not hear the defendant’s witnesses. The motion was overruled. The Court suppressed one of the defendant’s depositions, but another deposition, made by the same witness and containing the same matter as that rejected, was read to the jury by the defendant. The defendant offered to prove, in mitigation of damages, that the same charge laid in the declaration had been reported by others against the plaintiff before the defendant made it. The testimony was rejected. The defendant moved the Court to give several instructions to the jury, which, so far as they were pertinent to the issues, were given, with the •exception of the following, viz.: “If the circumstances proved in the cause create a suspicion that the plaintiff committed perjury, but do not amount to proof of his guilt, the jury *shoidd consider them in mitigation of the damages.” This charge the Court refused. The jury found a verdict for the plaintiff, and assessed his damages at $2,736. A motion for a new trial was overruled, and final judgment rendered upon the verdict.
In regard to the motion for leave to withdraw the plea df the statute of limitations, admitting this Court to possess a supervisory power over the discretion of the Court below in permitting or refusing the withdrawal of a plea after issue— a point which we do not decide—we see no reason for supposing the discretion was improperly exercised on the present occasion. The defendant suffered the plea to stand at issue until the jury was partly sworn. The plaintiff, consequently, was compelled to keep his witnesses in attendance; and as this burden had been thrown upon him by the defendant, it would have been unreasonable to deprive him of the privilege, resulting from the issue as it then stood, of opening and closing the cause to the jury.
Courts, usually, on the application of cither party, cause the witnesses to be separated, so that they can not hear each othei *56 testify. But this is a matter of discretion; and it does not seem to have been unsoundly exercised in refusing the request of the defendant in this instance, that a part of the plaintiff’s witnesses only should withdraw.- It would have been more reasonable had he included his own witnesses in his motion.
As to the suppression of one of the defendant’s dejoositions, we have not inquired whether there was sufficient cause for it or not. Because, admitting it to have been improperly suppressed, the defendant waived the error by introducing another deposition, by the same witness, testifying to the same facts contained in that which was rejected. He sustained no injury by the decision of the Court, right or wrong.
The rejection of the evidence offered -by the defendant of the existence of a prior report, imputing to the plaintiff the same crime with which the defendant afterwards charged him, raises a question of some difficulty.
In the case of Leicester v. Walter, 2 Campb., 251, which was an action for a libel in charging the plaintiff with having committed an infamous offense, the defendant was permitted to give in evidence in mitigation of damages, under the ^general issue, that previous to the publication of the libel, “there was a general suspicion of the plaintiff’s character and habits; that it was generally rumored that such a charge had been brought against him; and that his relations and former acquaintance had, on this ground, ceased to visit him.” This evidence was admitted for the reason that the defendant had- not justified, and because it established the character of the plaintiff to be “in as bad a situation before as after the libel.” In the subsequent case of Snowden v. Smith, 1 M. & S., 287, n., in which there was a justification, it was ruled that prior reports, imputing the same crime to the plaintiff with which the defendant had charged him, should not go in evidence to affect the amount of damages. The judge who tried the cause distinguished it from Leicester v. Walter on the ground of the justification. In Kirkham v. Oxley, cited in 2 Stark. Ev., 217—an action of slander for accusing the plaintiff with larceny—evidence of his “bad character” was allowed in *57 mitigation of damages, though the defendant had justified. This decision has been thought to conflict with that of Snowden v. Smith. But such does not seem to be the fact. There is a clear difference between a report imputing to a man the commission of a specific crime, and the badness of his character. The report may be unfounded, it may not gain credit, it may not injure the character of the individual to whom it refers; at least, it is substantially falsified by a verdict against the justification alleging the same crime. But a bad character might not, and if it be generally bad could not, be materially bettered by such a verdict. This consideration, together with the presumption that a man is always prepared to vindicate his general character, renders it probable that the general bad character of the plaintiff may, even under a justification, be given in evidence with a view to lessen the damages. We do not, however, decide that question. (1)
In an action of slander for charging the plaintiff with unnatural practices, decided still later than those above quoted, - v. Moore, 1 M. & S., 285, evidence of the existence of reports that the plaintiff had been guilty of “ similar practices” was held to be admissible in diminution of the damages, on the ground that such evidence would “ disparage the fame” of the plaintiff, and destroy his right “to the same hue asure of damages with one whose character is unblemished.” There does not appear to have been a justification in this case; and the “similar practices” could not allude to the specific slander laid in the declaration; they must have had reference to something else of like nature, and, therefore, must have had a bearing upon the character of the plaintiff independently of the wrong for which the action was brought. Indeed, this evidence fell but little, if any, short of that of general bad character. In the case of Waitham v. Weaver et al., D. & R. N. P. C., 10, vrhich was an action for a libel, Abbot, C. J., ruled that, under the general issue, evidence of facts short of a complete justification of the alleged libel could not bo given in evidence to mitigate the damages, by negativing (he malice, though he recognized the authority of Leicester v *58 Walter, on tlie ground that the rumors, permitted to be proved in that case, tended to show that the plaintiff had previously lost his character, and had sustained no injury by the libel. This Court has heretofore held that, under the general issue, the “strong suspicions” of the defendant, that the words spoken by him were true, could not be received to affect the verdict, though a general suspicion of the plaintiff’s guilt might. Henson v. Veatch, 1 Blackf., 369.
None of these decisions go further than to establish the doctrine, that, under the general issue in slander, general rumors, or a general suspicion of the guilt of the plaintiff of the crime imputed to him by the defendant, may be given in evidence in mitigation of damages. They do not sustain the loose position assumed by the plaintiff in error, that any reports, however limited in circulation, or harmless in effect, which may have preceded the slander uttered by him, imputing the same crime, are competent evidence on the question of damages even under a justification. To admit such a principle would be to concede, that the very slander which ought to be silenced forever by the failure of the justification, may, nevertheless, become the rightful means of depriving the injured person, in a.great measure, of the benefit of his action, and of leaving his character, at last, to the mercy of an artful slanderer. The case of Snow-den v. Smith, supra, is in point, that the mere report is not admissible evidence when a justification is pleaded. Several decisions in * Massachusetts sustain the same doctrine; indeed, they go further, and exclude such evidence under the general issue; though they recognize the propriety of admitting the general bad character of the plaintiff either under that issue, or a plea justifying the slander. Wolcott v. Hall, 6 Mass., 514; Alderman v. French, 1 Pick., 1; Bodwell v. Swan and wife, 3 Pick., 376; Larned v. Buffinton, 3 Mass., 546. We, however, only decide that the existence of prior reports charging the plaintiff with the same crime imputed to him by the defendant, without any offer to explain their extent, or effect upon the character of the former, is not, under a plea of justification, legal evidence in mitigation *59 of damages. The Circuit Court committed no error in rejecting the evidence offered by the defendant.
The next inquiry is one, also, of some difficulty. It is this, should the jury have been instructed, that if the circumstances proved on the trial were such as to cause suspicion, but not conviction, that the plaintiff had committed perjury, they should be considered in the estimation of damages ?
In the case of Larned v. Buffinton, supra, which was an action of slander for charging the plaintiff with horse stealing, pleas, general issue and justification, the Supreme Court of Massachusetts held, that under the circumstances of that ease, nothing short of absolute proof of the truth of the words sp'oken should operate to lessen the amount of the verdict. There may, perhaps, as was remarked by the Court on that occasion, be instances in which, though the justification is not supported, the misconduct of the plaintiff may have been so glaring as .to give the defendant reason to believe that the charge made by him, and his plea justifying it, are true; in which case, it may be proper for the jury to consider the eir-. cumstances developed on the trial in mitigation of the damages. We have, however, carefully examined the evidence in the cause before us, and do not think it presents an instance of the character alluded to. We see nothing in it, which rendered it the duty of the Circuit Court to give the instruction asked for.
Nor are we prepared to say there should have been a new trial on the ground of excessive damages. Courts seldom disturb verdicts on the score that compensation for an injury to character has been estimated by too high a standard. ^Taking into consideration the infamous nature of the crime charged upon the plaintiff, that the accusation was made publicly and repeatedly in large assemblages of the people when he was canvassing for an important office; that three distinct charges of perjury were deliberately made against him on the records of the Court; that with regard to one plea, there was no evidence at all, and very little in support of the other two; we do not feel authorized to pronounce the damages so palpably excessive as to defeat the verdict.
G. P. Hester and J. 8. Watts, for the appellant.
G. G. Dunn, for the appellee.
Per Curiam.—The judgment is affirmed with one per vent. damages and costs.

 In case for slander in charging the plaintiff with peijury, the pleas were not guilty and justification. Held, that the defendant might give in evidence, in mitigation of damages, the general bad character of the plaintiff for veracity when on oath. McNutt v. Young, 8 Leigh, 542. The contrary is decided by the English Court of Exchequer. It is there held’ that such evidence is inadmissible in mitigation of damages, even under the general issue. Jones v Stevens, 11 Price, 235.