KELLEY and Wife *v.* DILLON.

To say that a woman is a w——e, and to say that there is a rumor that she is
such, are in legal contemplation equally slanderous.

A person who would exempt himself from liability for the repetition of slan-
derous words, must, at the time he repeats them, give the name of the
author.

In slander, the defendant can not prove the truth of the words spoken, under
the general issue.

*Saturday,
December 2.*

APPEAL from the *Tippecanoe* Circuit Court.

HOVEY, J.—*Mary Ann Dillon*, an unmarried woman,
brought an action of slander against *Patrick Kelley* and
*Margaret Kelley*, his wife, for words spoken by the wife,
imputing a want of chastity.

Several classes of words are set out in the declaration,
charging that *Margaret Kelley* had said, that " *Mary Ann
Dillon* had a child;" "it is rumored that *Mary Ann Dillon*
had a child;" "there is a report that *Mary Ann Dillon* had
a child," &c.

The defendants appeared, at the *August* term, 1851, and
filed the general issue, and a special plea setting forth the
different classes of words in the declaration which charge
the wife with having said that she had heard that *Mary
Ann Dillon* had a child, that it was rumored that *Mary
Ann Dillon* had a child, that it was reported that *Mary Ann
Dillon* had a child, &c., and say *actio non*, &c., because
there was a rumor and report in circulation among the
people of said county, that said plaintiff had had a child,
&c., which rumor and report had been told to the said
*Margaret* by one *James Griffin*, and divers other persons,
&c.; wherefore she did speak the words in said second
plea, &c.

The plaintiff joined issue as to the first plea, and de-
murred to the second, and the demurrer was sustained by
the Court. The cause was subsequently submitted to a
jury, and they returned a verdict in favor of the plaintiff
for 300 dollars. A motion for a new trial was made by

the defendants and overruled, and judgment rendered on <span style="float:right">Nov. Term,</span> the verdict. The defendants appealed to this Court. <span style="float:right">1854.</span>

On the trial, the appellants offered to prove by *James* <span style="float:right">KELLEY</span> *Griffin*, that there was a rumor in *Lafayette* that the ap- <span style="float:right">v.</span> pellee had had a child, and that he had told Mrs. *Kelley* of <span style="float:right">DILLON.</span> the rumor, before the speaking of the words charged in the declaration; but the Court refused to permit the proof to be made.

Four errors are assigned by the appellants.

1. They contend that the Circuit Court erred in sustaining the demurrer to the second plea, as that plea admits the speaking of the words, and justifies by alleging that there was such a rumor and report as charged in the declaration.

An attempt is made by the counsel for the appellants to distinguish this case from those where the slander is positively charged, but we apprehend there is no legal difference between saying that a woman is a whore, and there is a report or rumor she is a whore. He who says there is a rumor or report she is a whore, makes the same charge, in legal intendment, that he would, should the language used emphatically charge her to be so, and it is clear that he could not be permitted to set up a bare rumor or report to make out his defence in either case. Let it be understood that a bare rumor or report is sufficient to justify the retailing of slander, and character would be at the mercy of the artful and designing, as such defences could be easily manufactured beforehand to suit any emergency. We will not drive parties out of Court, with injured characters, to hunt down those who first gave birth to calumnious reports. If a defendant wish to avail himself of casting the slanderous words on others, it is his duty to disclose their names at the time of repeating the slander, and it is too late to make such disclosure when he comes to plead. *Davis* v. *Lewis*, 7 Term R. 17.—9 Bac. Ab., title slander (Q), p. 82. The plea was no bar to the action, and the Circuit Court committed no error in sustaining the demurrer.

2. The appellants insist that *Griffin's* testimony should have been received, for the purpose of lessening the damages, under the general issue. The law is well settled,

Nov. Term, 1854.

KELLEY
v.
DILLON.

that not even the truth of the words spoken can be given in evidence under that plea. *Henson* v. *Veatch*, 1 Blackf. 369.— *Teagle* v. *Deboy*, 8 *id.* 134.— *Burke* v. *Miller*, 6 *id.* 155.— *Sanders* v. *Johnson*, *id.* 50.

In the cases of *Henson* v. *Veatch* and *Sanders* v. *Johnson*, this Court has distinctly drawn the line between rumors and suspicions, and general rumors and general suspicions. While the former have been held wholly inadmissible, the latter have been allowed, not to prove the truth of the words, but to show the character the plaintiff sustained at the time the words were spoken, for the purpose of measuring the damages. Some of the most respectable Courts in the *United States* have carried the rule still further against the admission of such testimony. See *Wolcott* v. *Hall*, 6 Mass. R. 514.— *Larned* v. *Buffington*, 3 *id.* 514.— *Alderman* v. *French*, 1 Pick. R. 1.— *Bodwell* v. *Swan and Wife*, 3 *id.* 376.— *Root* v. *King*, 7 Cowen 613.— *Matson* v. *Buck*, 5 *id.* 499.

3. The following instruction was given to the jury over the objection of the appellants:

" The fact that the defendant, *Margaret Kelley*, said she had heard the slanderous words proven and did not assert them as a fact, does not render the words less slanderous nor less malicious, unless the defendant, at the same time, stated from whom she had heard the words."

Some authorities, no doubt, may be found, which conflict with the rule as laid down in this instruction, but it is in conformity with cases above cited, and the weight of *English* and *American* authorities.

4. The appellants insist that a new trial should be granted on account of excessive damages, but we see nothing in the case to authorize us to disturb the verdict of the jury.

*Per Curiam.*—The judgment is affirmed with costs.

*H. W. Chase*, for the appellants.

*R. C. Gregory* and *R. Jones*, for the appellee.