### DENNIS MAHONEY *vs.* CHARLES A. BELFORD.

Suffolk. Jan. 13. — March 3, 1882. LORD, FIELD & C. ALLEN, JJ., absent.

In an action of slander, in accusing the plaintiff of having stolen from a former employer, evidence of the plaintiff's general reputation as to his having stolen from his employer, both at the time he was in his employ and at the time of the alleged slander, is inadmissible in mitigation of damages.

In an action of slander, in accusing the plaintiff of having stolen from his employer, during an angry dispute at an election in the presence of from twenty to sixty persons, the mental suffering of the plaintiff is an element of damage.

TORT for slander. The declaration alleged " that the defendant publicly, falsely and maliciously accused the plaintiff of the crime of larceny, by words spoken of the plaintiff substantially as follows: ' You ' (meaning the plaintiff) ' stole from Mr. Weld, that man there ' (pointing to Mr. Francis M. Weld, who was standing near the plaintiff and defendant) ' as much as would make three men rich.' " Answer, a general denial, and a justification that the words spoken were true. At the trial in the Superior Court, before *Staples*, J., the jury returned a verdict for the plaintiff in the sum of $200 ; and the defendant alleged exceptions, which appear in the opinion.

*H. E. Swasey*, for the defendant.

*C. G. Keyes*, for the plaintiff.

DEVENS, J. The defendant had charged the plaintiff with stealing from his employer, F. M. Weld. He had pleaded a justification, but at the trial did not seek to establish the truth of the words alleged to have been uttered. He did endeavor, in mitigation of damages, and to show that the slander did not originate with himself, to offer testimony as to the general reputation as to the plaintiff's having, during the time he lived with Weld, and also at the time of the alleged slander, stolen from him. In such an action, evidence may be given of the general reputation of the plaintiff in those respects in which it has been assailed by alleged slander. Where one has been charged with theft, it may be shown that he was generally reputed a thief, in order thus to show that no serious injury can have been inflicted on him. *Clark* v. *Brown*, 116 Mass. 504. But what the defendant sought to prove was not the plaintiff's general reputation, which was the general character he had gained in the

community by his course of life, but what was the common rumor as to a particular transaction, namely, his having stolen from Weld. The defendant sought to show, not that the plaintiff's general reputation was bad, but that in a single instance he was generally reputed to have behaved badly. This would have been to have proved the common talk as to an individual subject of scandal. A general report that the plaintiff is guilty of the particular crime with which he was charged cannot be received in evidence in mitigation of damages. *Alderman* v. *French*, 1 Pick. 1. *Bodwell* v. *Swan*, 3 Pick. 376. *Clark* v. *Munsell*, 6 Met. 373. *Stone* v. *Varney*, 7 Met. 86. *Peterson* v. *Morgan*, 116 Mass. 350.

Upon the question of damages the court instructed the jury "that they might consider the injury, if any shown, to the mental feelings of the plaintiff, which was the natural and necessary result of the words used, if in fact they were used as alleged, and were slanderous; that mental suffering was an element of damage." This was correct. The words, if uttered at all, were uttered, as appears by the bill of exceptions, in an angry dispute at an election, in the presence of from twenty to sixty persons. While the evidence was circumstantial, and not direct, that the plaintiff had been actually damnified and had endured mental suffering in consequence, "the occasion, circumstances, manner and nature" of the alleged slander were such as warranted the plaintiff in contending that they had occasioned actual injury and mental suffering, and in seeking substantial damages therefor. "Undoubtedly," says Chief Justice Bigelow in *Markham* v. *Russell*, 12 Allen, 573, "the material element of damage in an action for slander is the injury done to character. But it is not the sole element. A jury may have a right also to consider the mental suffering which may have been occasioned to a party by the publication of the slanderous words." See also *Marble* v. *Chapin*, ante, 225.                    *Exceptions overruled.*