Branstetter *et al. v.* Dorrough.

No. 8927.

BRANSTETTER ET AL. *v.* DORROUGH.

SLANDER.—*Actionable Words.—Pleading.—Inducement and Innuendo.*—Words spoken of an unmarried woman which are intended to convey, and do convey, to the mind of the hearer, the meaning that she was guilty of fornication, are slanderous and actionable; and when the allegations of the complaint, in an action for slander, show, by the inducement and innuendo, that the words charged to have been spoken meant, and were intended to mean, that the plaintiff had been guilty of fornication, such complaint shows that the words were uttered slanderously, and are actionable.

SAME.—*Malice.—Presumption.—Instruction.*—Where, in an action for slander, justification is not pleaded, it is not error to instruct, that if the defendant spoke the words charged, intending and being understood to impute fornication as charged, the law will presume malice.

SAME.—*Repeating Slanderous Charges.*—It is actionable to repeat in good faith slanderous words concerning another, on an occasion not privileged, though at the same time a disbelief in their truth be expressed, and the purpose of the repetition be to obtain advice as to the propriety of informing the plaintiff of the charges.

INSTRUCTIONS.—*Practice.—Harmless Error.*—If all the instructions, taken as a whole, fully give the law of the case, it is not material that a single one may, in itself, omit something which ought to be given.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short*, for appellants.

*L. Shaw, J. S. Bays* and *W. M. Franklin*, for appellee.

ELLIOTT, J.—The appellee alleges in her complaint that she is a person of good character; that she is unmarried; that appellants are husband and wife; that the appellant Sarah Branstetter did, in a conversation had in the presence of Lizzie Booze, Alice Carver and others, "of and concerning the appellee's character for chastity," and " of and concerning her being guilty of fornication," utter the following false and slanderous words: " Dave Collins or Dave Congleton and Ordie Dorrough (meaning plaintiff) were down in the woods at the cross-road church, and that Thomas Dorrough went down to them two or three times to get them to come to the house, but they would not come, and that Dave

Collins or Dave Congleton had her (meaning plaintiff) up against the graveyard fence, but could not accomplish anything there, but got over into the graveyard (meaning thereby that said Collins or Congleton and said plaintiff did not have sexual intercourse against the graveyard fence, but did have in the graveyard)." It is also alleged that "the said Sarah E. Branstetter said to Lizzie Booze, ' Did you hear the awful report on Ordie Dorrough (meaning plaintiff)? I will tell you if you will tell no one else. Dave Collins or Dave Congleton and Ordie (meaning plaintiff) met at the cross-road church, and that Dave got her (meaning plaintiff) up against the graveyard fence, but they (meaning plaintiff and said Collins or Congleton) could not accomplish anything there, and that they (meaning said Collins or Congleton and plaintiff) got over into the graveyard, and in so doing broke a board off the graveyard fence ' (meaning that said Collins or Congleton and the plaintiff were not guilty of fornication against the graveyard fence, but were guilty in the graveyard)." It is averred that the words were used in a slanderous sense by Sarah E. Branstetter, that " she thereby meant, and was understood by those who heard her to mean, the act of having sexual intercourse, and meant to charge, and was so understood by those who heard her, that the plaintiff was guilty of fornication."

We need not determine whether the words are or are not slanderous *per se,* for the inducement and innuendo clearly show that they were uttered slanderously, and are actionable. There are cases lending much support to the appellee's contention that they are actionable *per se. Shields* v. *Cunningham,* 1 Blackf. 86 ; *Guard* v. *Risk,* 11 Ind. 156 ; *Proctor* v. *Owens,* 18 Ind. 21. But whether actionable *per se* or not, they are plainly so as shown by the inducement and innuendo, for they clearly meant, and were understood to mean, to charge that the appellee had been guilty of fornication.

In *Button* v. *Heyward,* 8 Mod. 24, FORTESCUE, J., said : " It was the rule of HOLT, Chief Justice, to make words

actionable whenever they sound to the disreputation of the
person of whom they were spoken; and this was also Hale's and
Twisden's rule; and I think it a very good rule." We think
the words spoken by the appellant "sound to the disreputation" of the appellee, and entitle her to her action. Charges
of unchaste conduct are seldom made in plain words; they
are almost always made by indirection or insinuation, but,
however made, the words are slanderous when they are
intended to convey, and do convey, to the minds of the hearers the meaning that the unmarried woman of whom they are
spoken was guilty of fornication. *Drummond* v. *Leslie,* 5
Blackf. 453; *O'Conner* v. *O'Conner,* 24 Ind. 218; *Harrison*
v. *Findley,* 23 Ind. 265; *Keesling* v. *McCall,* 36 Ind. 321;
*Hotchkiss* v. *Olmstead,* 37 Ind. 74; *Huddleson* v. *Swope,* 71
Ind. 430.

It is insisted that the second instruction given by the court
is erroneous, for the reason that it does not inform the jury
that the hearers understood the words used by Sarah E.
Branstetter to import a charge of fornication. Other instructions do clearly and correctly advise the jury upon this point,
and the instructions, taken together, gave the law to the jury,
as the appellants claim it to be. Instructions are not to be
considered as so many complete and distinct wholes, each complete in itself; but they are all to be taken together as constituting one entire whole.

The fourth instruction directed the jury that, if Sarah E.
Branstetter meant, and was understood, to charge the appellee with fornication, the law would presume malice. We
think there was no error in giving this instruction. There
was no plea of justification, and the truth of the charge was
not in issue. Townshend Slander and Libel, section 73;
Odgers Libel and Slander, 169. Malice does not, as appellants maintain, mean intent. The intent of one who
utters defamatory words is not determinative of the question
of malice. A recent writer says: "The intention or motive

with which the words were employed is as a rule immaterial. If the defendant has in fact injured the plaintiff's reputation, he is liable, although he did not intend so to do, and had no such purpose in his mind when he spoke or wrote the words." Odgers Libel and Slander, 5. The intention may be shown in aggravation or mitigation, but not in bar.

Intention is material where the words are spoken upon a privileged occasion. In such cases, in order to create a liability, express malice must be proved, and intention or motive becomes an important consideration, but ordinarily the motive is not important in determining whether there is or is not a cause of action.

Malice is not synonymous with evil intent. Malice, as used in the law of slander, means the "absence of legal excuse." The text-writers agree in ascribing this meaning to the word. Odgers Libel and Slander, 265 ; Townshend Slander and Libel, sec. 90 ; Cooley Torts, 209 ; 1 Hilliard Torts, 325.

Where words are used which charge a woman of chaste character with fornication malice is implied. Proof of express malice is not required. It may, as Judge Cooley observes, be important to prove the absence of express malice to protect one against exemplary damages, but it can not bar the action. Cooley Torts, 209. This is the doctrine of our own cases. *Mousler* v. *Harding,* 33 Ind. 176 ; *Indianapolis Sun Co.* v. *Horrell,* 53 Ind. 528 ; *Cook* v. *Howe,* 77 Ind. 442.

A series of instructions were asked by the appellants, asserting that where one in good faith repeats slanderous charges against another, and at the same time expresses an unbelief in their truth, no action can be maintained. The court did right in refusing these instructions. It is actionable slander to repeat charges which defame the reputation. No one has a right to injure a woman of chaste character, by repeating words which charge her with fornication. In *Kelley* v. *Dillon,* 5 Ind. 426, it was said : " Let it be understood that a bare rumor or report is sufficient to justify the retailing of slander, and character would be at the mercy of the artful and designing, as

Branstetter *et al.* v. Dorrough.

such defences could be easily manufactured beforehand to suit any emergency." A writer, to whom reference has already been made, says: "Every repetition of a slander is a wilful publication of it, rendering the speaker liable to an action. 'Tale bearers are as bad as tale makers.'" Odgers Libel and Slander, 169. *Clarkson* v. *McCarty,* 5 Blackf. 574; *Cates* v. *Kellogg,* 9 Ind. 506.

We are not called upon to consider whether the fact that the person speaking the slanderous words had heard them from another would mitigate the damages, for the instructions refused asserted that it would bar the action, and in doing this declared an erroneous rule, and were properly refused.

The occasion upon which the words were spoken was not a privileged one. The speaker retailed a slanderous charge to two of her neighbors, and she can not shield herself upon the ground that she did it for the purpose of obtaining their opinion as to whether she should or should not inform the appellee of the charges against her. The case is not within any of the classes of privileged occasions. Townshend Slander and Libel, section 209; 1 Hilliard Torts, 335; Cooley Torts, 210-217; Odgers Libel and Slander, 196-263. Where there is no confidential relation, no existing duty, and no common interest, a private person has no right to repeat a slanderous charge, although it may be declared to be for the purpose of obtaining advice. If one takes upon himself the office of an intermeddler, where he owes no duty, and has no common interest, he is a slanderer if he repeats a defamatory charge. The injury to the reputation of the slandered person is not repaired by the fact that the words were uttered for the purpose of taking counsel. Good names are not to be thus defamed by strangers and intermeddlers.

As there is evidence supporting the verdict, we can not disturb it.

Judgment affirmed.