No. 9582.

## BURTON v. BEASLEY.

SLANDER.—*Complaint.*— *Malice.*—Where the complaint in slander shows the speaking of false and defamatory words which impute a crime, it is not bad for failure to allege malice.

SAME.— *Witness.*—*Evidence.*—In such case it is proper to allow witnesses to state their understanding of the words as well as the circumstance to which they had reference, that being alleged by way of inducement.

From the Lawrence Circuit Court.

*G. W. Friedley* and *E. D. Pearson,* for appellant.

ELLIOTT, J.—It is alleged in the first paragraph of the appellee's complaint, that "In the year 1879 one William H. Neal, father-in-law of the plaintiff, and one Margaret Neal, wife of said William H. Neal, and mother of plaintiff, were, by some one unknown to the plaintiff, poisoned, and suffered therefrom severe and violent pain, and that it was commonly believed in the neighborhood in which said poisoning occurred, which was the same neighborhood in which defendant and plaintiff reside, that said poison was administered with the intent to kill and murder the said Neals, and that the Neals so believed; and plaintiff avers that the defendant, David E. Burton, in speaking of the administering of said poison to said Neals, in the presence of Henry Tirey, and divers other persons, spoke of and concerning the plaintiff, and made use of the following false and slanderous words, to wit: 'He' (meaning plaintiff) 'is slipping around like he was afraid somebody would see him' (meaning plaintiff); 'Anderson Beasley told me that he' (meaning plaintiff) 'bought the poison that poisoned Bill Neal and his' (meaning plaintiff's) 'mother at New Albany;' meaning thereby and imputing plaintiff with an attempt to commit the crime of murder on and against the said Bill Neal and Margaret Neal, by procuring the administering of poison as aforesaid, and administering the same; and plaintiff avers that said words, so spoken by defendant of

and concerning the said felony, were so accepted and understood at the time of the speaking by said Henry Tirey."

The inducement stated in the second paragraph, as well as the alleged slanderous words, are in effect the same as in the first paragraph. In the third paragraph the inducement is thus laid: "In the year 1879 one William Neal and Margaret Neal (who is the mother of this plaintiff), William Putnam and —— Johnson, in and at the county of Lawrence, and State of Indiana, on the home farm of said Neal, were taken violently and suddenly ill, and suffered with attacks of burning in the stomach and vomiting, which said symptoms led them to believe, and the community in which they lived to believe, that they had been poisoned; and plaintiff avers that this defendant, David E. Burton, in speaking of and about the said transaction, spoke of and concerning the plaintiff the following false and slanderous words." These allegations are followed by a statement of words of an import similar to those set forth in the first paragraph.

The complaint does not aver that the words were maliciously spoken, and for this reason it is said to be bad. It is true that the word "maliciously" is ordinarily used, but we do not think its absence makes the complaint insufficient in cases where such facts are stated as enable the court to infer malice. Where the facts pleaded are such as imply malice, the absence of the epithet does not vitiate the pleading. Odgers Libel and Slander, 6, auth. n. 267; Townshend Slander and Libel, 137. Where words imputing a crime are falsely spoken, without legal excuse, malice is inferred, and the facts stated in the complaint before us show that the words were falsely spoken, and malice is therefore inferable as a conclusion of law. *Gabe* v. *McGinnis*, 68 Ind. 538; *Branstetter* v. *Dorrough*, 81 Ind. 527.

The inducement and innuendo laid are sufficient to show that the words were actionable *per se*. The administering of poison with intent to take life is unquestionably a crime, and the inducement and innuendo very clearly show that the defamatory words were spoken of that matter. There is no at-

tempt to change the meaning of words; the purpose of the pleader was to show that the words were spoken of an act constituting a crime. Where an act constituting a crime is stated in the complaint, and the innuendo shows that the words were spoken of that act with intent to charge the plaintiff with having committed it, and that they were so understood by those who heard them, the pleading is good.

While malice is inferred from the uttering of false and slanderous words without legal excuse, still it is always proper for the plaintiff to give evidence of express malice.

It was not error to permit the witnesses to state their understanding of the words spoken by the appellant, nor to state the transaction to which they understood the language to refer. The averments of the complaint made such a case as rendered this evidence competent.

The words were not spoken on a privileged occasion. Where there is no confidential relation, no existing duty, and no common interest, a private individual has no right to repeat a slanderous accusation. *Branstetter v. Dorrough, supra;* Odgers Libel and Slander, 196, 263.

Judgment affirmed.