PLUMER CHESLEY *vs.* SAMUEL TOMPSON.

Suffolk. March 19. — April 1, 1884. DEVENS & COLBURN, JJ., absent.

In an action of slander, the plaintiff may testify to mental suffering caused to him by the publication of the slander, although damages for such suffering are not specifically alleged in the declaration.

TORT for slander. The declaration contained two counts, the first alleging that "the defendant publicly, falsely, and maliciously accused the plaintiff of the crime of perjury, by words spoken of the plaintiff substantially as follows: 'I say before this officer, that Plumer Chesley committed perjury when before Blackmar. I say it openly, and intend to bring him before the grand jury.'" The second count contained the same allegation as the first count, the words set out as spoken of the plaintiff being as follows: "I say he committed perjury in swearing as he did before Blackmar. I say openly before these witnesses that he committed perjury." Answer: 1. A general denial. 2. That the words spoken were true. 3. That any words spoken by the defendant in relation to the matters set out in the declaration were spoken in court, in the course of the trial of a cause in the District Court of the United States for the district of Massachusetts; that a petition was then pending to set aside a discharge in bankruptcy granted to said plaintiff; that in said petition it was charged that the plaintiff had committed the crime of perjury, and the same was assigned as one of the reasons for setting aside said discharge; and that any words spoken were parts of a conversation had with the plaintiff's attorney in relation to said charges.

Trial in the Superior Court before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows:

There was evidence tending to show that the alleged slanderous words were spoken in the presence of the plaintiff's counsel and of five or six other persons, most of whom were members of the bar and officers of the court, in the United States District Court room, in Boston, before the opening of the court, and while they were waiting for the judge to come in to hear a motion in a case in which the plaintiff was a party. The plaintiff testified that he was aware that the defendant had uttered

the words complained of. He was then asked by his counsel, "What has been the condition of your mind in regard to mental suffering since the publication of these alleged slanderous words?" The defendant objected to this question, as incompetent and inadmissible under the pleadings. The judge overruled the objection; and the witness answered, "Well, it worried me a good deal. I used to walk the floor nights and worry about it." The defendant objected to the answer, but the judge allowed the witness to proceed, as follows: "I laid awake nights considerable, and I used to hear from it every little while. I could not get it off my mind, and it worried me, because I had no property, and I had to depend upon my character, if I had any." The answer of the witness was objected to for the reasons before stated; but the judge admitted it.

The jury returned a verdict for the plaintiff; and the defendant alleged exceptions.

*H. G. Allen*, for the defendant.

*S. A. B. Abbott*, for the plaintiff.

FIELD, J. The plaintiff is entitled to recover damages for mental suffering caused by the publication of the slander. *Hastings* v. *Stetson*, 130 Mass. 76. *Marble* v. *Chapin*, 132 Mass. 225. *Mahoney* v. *Belford*, 132 Mass. 393.

In all cases in which the plaintiff is entitled to recover damages for mental suffering, evidence of the actual suffering caused by the act of the defendant is admissible; and, since parties have been admitted as witnesses, the testimony of the plaintiff as to his sufferings is admissible, for he knows best what he has suffered. His interest in the action only affects his credibility. Damages for mental suffering naturally resulting from the publication of the slander are not special damages, which must be specifically alleged in the declaration. The question objected to was therefore competent under the pleadings; and, if any part of the answer was not responsive, or related to matters other than mental suffering, the defendant did not specifically object to that. The answer was objected to "for the reasons before stated," which were that the question was "incompetent and inadmissible under the pleadings." *Exceptions overruled.*