No. 1,128.

## GRAY v. ELZROTH.

SLANDER.—*Words Imputing Adultery.*—Under the statute of this State it is actionable slander to charge a woman with adultery.

SAME.—*Evidence.*—*Mitigation of Damages.*—*Current Reports.*—In an action for slander, matters "currently circulated and reported" in the neighborhood where the plaintiff lives are not admissible in mitigation of damages.

SAME.—*General Rumors and Suspicions Admissible in Mitigation.*—It is only general rumors and general suspicions that the plaintiff is guilty of the acts imputed that are admitted in mitigation of damages, as bearing upon the value of the plaintiff's character.

SAME.—*Malice.*—*Damages.*—Unless privileged, the law infers malice from the false speaking of actionable words, and the injured party is entitled to damages without regard to the existence of malice in fact, but if express malice be shown exemplary damages may be recovered.

SAME.—*Proof of Words Charged.*—To sustain a complaint for slander, it is necessary to prove the words alleged, or enough of them to substantially make out the charge included in some set of words counted on. It is not enough to prove the speaking of similar or equivalent words.

NEW TRIAL.—*Joint Assignment of Cause.*—*Practice.*—A joint assignment, as cause for a new trial of several acts, is not available unless all are erroneous.

From the Cass Circuit Court.

*J. C. Nelson, Q. A. Myers, D. D. Dykeman, W. T. Wilson* and *G. C. Taber*, for appellant.

*M. D. Fansler* and *M. F. Mahoney*, for appellee.

GAVIN, J.—The appellee sued appellant for slander. In her complaint she alleges that he charged her with having committed adultery with himself, with being a prostitute, and also imputed adultery to her by charging that her husband was not the father of any of her five children.

A general and special denial formed the issues.

It is by statute actionable slander to charge a woman with adultery. *Binford* v. *Young*, 115 Ind. 174; R. S. 1894, section 286.

Complaint is made of the rejection of appellant's offer to prove that for the last nine years "it has been *currently* circulated and reported in the neighborhood where this woman lived that these children are not the children of her husband, Elzroth."

Counsel seek to maintain the admissibility of this evidence as in mitigation by the ruling of the Supreme Court in *Blickenstaff* v. *Perrin*, 27 Ind. 527, where it is said: "General rumors, or a general suspicion that the party is guilty of the acts imputed, may be given in evidence in mitigation of damages, but evidence of mere reports, rumors, or suspicions is not admissible."

In that very case, where we find this general language upon which appellant relies, we find it also expressly decided that matter such as was here offered is not proper matter in mitigation. It was there held that the fact that it was at the time of the speaking of the words *"currently* reported in the neighborhood in which the plaintiff lived and in adjacent parts of the county; that plaintiff had been in a house of bad reputation, to wit, a house of ill-fame in the city of Lafayette, in said State, which report had come to the ears of said defendant" and was by her repeated without malice, was not proper matter in mitigation.

Following the express decision of that case there was no error in rejecting the offered evidence.

By another witness, Richard Coble, the appellant offered to prove that at the time of the alleged charge made in the complaint there was a general rumor, general suspicion in the neighborhood where this woman lived and had been for seven or eight years, that she was a prosti-

tute, a woman "guilty of associating with other men
during the lifetime of her husband."

So far as the offer covers the rumor that she was a
prostitute, it is unavailing for the reason that such a fact
is not called for by the question asked.   A proper ques-
tion to which the offered evidence would be responsive
was essential to enable appellant to raise any question
upon it.   *Darnell* v. *Sallee*, 7 Ind. App. 581; authorities
cited in *Benjamin* v. *McElwaine-Richards Co.*, 10 Ind.
App. 76.

This leaves then available to the appellant that por-
tion of the offer which relates to the report that she was
"guilty of associating with other men during the life-
time of her husband."   Whatever wrong, if any, was
involved in this report was fully covered by, and included
in, the evidence which had been already given by this
same witness, that her character for chastity had not been
good in that neighborhood for the past eight or ten years.

Counsel have cited many authorities and discussed at
length, and with much learning, the question as to whether
evidence of general reports of the guilt of plaintiff as to
the particular vice or crime charged is admissible in
mitigation of damages, both upon the ground that it
proves the plaintiff's character to be less valuable (being
already smirched) and because it tends to rebut malice
upon the part of the defendant.   Upon these questions,
we find both the authorities and text-books in much con-
flict and confusion.   There is no principle upon which
all can be harmonized.

In Odgers Libel and Slander (2d Eng. ed.), 312, 313,
it is declared that, save in one or two exceptional cases,
such evidence is inadmissible for any purpose.   To the
same effect is *Mahoney* v. *Belford*, 132 Mass. 393.

The text of Newell on Slander and Libel follows that
of Odgers largely, but the numerous authorities collated

are divided, some being for and some against the proposition.

Townshend on Slander and Libel, section 411, says that some cases permit such evidence, but numerous decisions hold the contrary.

In Folkard's Starkie on Slander and Libel, sections 714–719, it appears that the authorities preponderate slightly in favor of the admission of such evidence.

In some cases the existence of a general report of plaintiff's guilt of the charge imputed has been admitted to rebut malice.  *Galloway* v. *Middletown*, 2 A. K. Marsh. (Ky.) 372; *Young* v. *Slemons*, 1 Wright (O.), 124; *B*——— v. *I*———, 22 Wis. 372.

In the case last cited, the statement appears to be wholly unsupported as to this point, by the authority relied on to sustain it, viz.:  ——— v. *Moor*, 1 M. and S. 285.

In a few cases, also, the existence of mere reports communicated to the defendant have been admitted to show the motive.  *Galloway* v. *Courtney*, 10 Rich. (S. C.) 414; *Williams* v. *Greenwade*, 33 Ky. 432; *Kennedy* v. *Gregory*, 1 Binney, 85.

In our own State all the authorities seem to be in accord that mere reports and rumors of guilt are not to be received, but that general rumors or reports of such guilt are admissible, but the ground of their admission is placed upon the fact that they throw light upon the character of the plaintiff and its value.  *Sanders* v. *Johnson*, 6 Blackf. 50 ; *Kelley* v. *Dillon*, 5 Ind. 426 ; *Blickenstaff* v. *Perrin*, 27 Ind. 527.

In *Kelley* v. *Dillon, supra*, it is said : "In the cases of *Henson* v. *Veatch* and *Sanders* v. *Johnson* this court has distinctly drawn the line between rumors and suspicions, and general rumors and general suspicions. While the former have been held wholly inadmissible,

the latter have been allowed, not to prove the truth of the words, but to show the character the plaintiff sustained at the time the words were spoken, for the purpose of measuring the damages."

In *Blickenstaff* v. *Perrin, supra*, after stating that general rumors, etc., are allowable, while mere rumors, etc., are not, the court says: "The reason for the distinction is plain. If, before the speaking of the words complained of, there exists a general rumor or suspicion that the party is guilty of the criminal act charged against him, the character is already traduced, and the evidence is, in effect, the same as that of general bad character in reference to the crime imputed, which is only admissible when the charge has obtained general notoriety, and a general belief or suspicion of its truth is entertained.

" Here it was not alleged that the report referred to was general, nor that any belief or suspicion of its truth was entertained, even by those who heard it, and therefore it was not proper matter in mitigation."

Thus it is plain that in our State evidence of these general rumors is received because such evidence is the same in kind and quality, at least, as proof of general bad character with reference to the vice or crime imputed.

While there is some anthority to support the claim that such evidence may be heard to rebut malice, our own decisions, to which we have referred, and the weight of authority outside of our State, are to the effect that such evidence is received in mitigation simply to show the value of the character attacked and because a slander will not inflict so much damage upon a character already disparaged and sullied as upon one pure and unsullied: *Clark* v. *Brown*, 116 Mass. 504; *Mahoney* v. *Belford*, 132 Mass. 393; *Drown* v. *Allen*, 91 Pa. St. 393;

*Wetherbee* v. *Marsh,* 20 N. H. 561; ——— v. *Moor, supra.*

There was here no question of privilege, and where there is no confidential relation, no existing duty to speak, and no common interest, a private individual has no right to repeat a slanderous accusation merely because he has heard it. *Burton* v. *Beasley,* 88 Ind. 401; *Branstetter* v. *Dorrough,* 81 Ind. 527.

We are unable to say there was any harmful error in the court's refusal to permit a witness to answer the question, " Did you hear the elder brother speak about it?" The only answer responsive to this question was "yes" or "no." Neither standing alone would have aided appellant in the least. The offer to prove included much more, but the additional matter is not available because not responsive to the question.

The speaking of the actionable words being shown, and their falsity admitted and proved, the law infers malice unless they were privileged. *Byrket* v. *Monohon,* 7 Blackf. 84; *Burton* v. *Beasley, supra.*

The plaintiff then becomes entitled to compensatory damages, at least, without regard to the existence of express malice or malice in fact. *Branstetter* v. *Dorough,* 81 Ind. 527; *Belck* v. *Belck,* 97 Ind. 73.

If express malice also exists, then the plaintiff is allowed to recover punitive or exemplary damages as well. These damages are allowable only upon proof of express malice. Express malice, however, is abundantly and overwhelmingly established by the evidence of appellant himself. The character of the stories related by him to the near relatives of the appellee, and the fact that they were admitted to have been intended as a counter irritant, or by way of reprisal, leave no room for us to doubt the existence of express malice upon his part. There was, therefore, no harmful error in the instruction com-

plained of, even if it did fail to limit the right to give punitive damages to cases where express malice had been proved. *Belck* v. *Belck, supra*; *Meyer* v. *Bohlfing*, 44 Ind. 238; *DePew* v. *Robinson*, 95 Ind. 109; *Casey* v. *Hulgan*, 118 Ind. 590.

To sustain a complaint for slander, it is not required to prove the charge to have been made in the precise words alleged in the pleading, but it is necessary to prove that the defendant spoke the words, in substance, or substantially as alleged in the complaint; that is, the words themselves must be proved, or enough of them to substantially make out the charge included in some set of words counted on. It is not enough to prove the speaking of similar or equivalent words. *Wheeler* v. *Robb*, 1 Blackf. 330; *Linville* v. *Earlywine*, 4 Blackf. 469; *Creelman* v. *Marks*, 7 Blackf. 281; *Iseley* v. *Lovejoy*, 8 Blackf. 462; *Tucker* v. *Call*, 45 Ind. 31; *Durrah* v. *Stillwell*, 59 Ind. 139; *McCallister* v. *Mount*, 73 Ind. 559.

The fifth cause for new trial is: "The court erred in refusing to give the jury the first instruction as asked by the defendant, and in modifying said instruction, and in giving said instruction as modified."

It is a well established rule that where an exception is taken to several acts of the court jointly, or where several acts of the court are assigned as a cause for new trial jointly, and not severally, all of the acts complained of must be erroneous in order to sustain the exception or cause for new trial. *Cincinnati, etc., R. W. Co.* v. *Madden*, 134 Ind. 462; *Kackley* v. *Evansville, etc., R. R. Co.*, 7 Ind. App. 169; *King* v. *Easton*, 135 Ind. 353; *Louisville, etc., R. W. Co.* v. *Renicker*, 8 Ind. App. 404.

The first instruction asked by appellant disregarded the rule that enables the plaintiff to recover by proving the words charged in his complaint substantially, al-

though not exactly. This instruction was, therefore, rightly refused, and the error assigned is not well taken.

The record fails to show any exception to the refusal to give the third instruction asked.

The tenth instruction asked was properly refused for the same reason as the first.

The thirteenth was not strictly accurate as asked. It contains this statement: "Other words of similar import will not sustain this action, and if such be the proof your verdict must be for the defendant." The conclusion drawn does not necessarily follow. Other words of similar import might have been proven, and the substance of the charge might also have been proven. In fact this is exactly what did occur on this trial. Unless an instruction accurately states the law there is no error in refusing it. *Over* v. *Schiffling*, 102 Ind. 191.

It must be admitted that there is some confusion in the instructions given, but we find no question saved upon them which will justify a reversal of the judgment. We have read the evidence with considerable care, and are strongly of the opinion that the punishment of the appellant was richly deserved.

Judgment affirmed.

Filed May 15, 1894; petition for a rehearing overruled Sept. 27, 1894.