## F. T. BRIDGMAN v. H. C. HOPKINS.

### Slander.

In an action of slander, charging the defendant with having accused the plaintiff of the commission of the crime of adultery, it is competent for the defendant in mitigation of damages, to prove that the plaintiff, before the speaking of the words, was commonly reputed to be unchaste and licentious.

This was an action of slander for charging the plaintiff, an unmarried man, with having had illicit intercourse with a married woman, and thereby committed the crime of adultery.

On the trial by jury at the December term, 1860, in Caledonia county, POLAND, Ch. J., presiding, exceptions were taken by the plaintiff to the admission of evidence offered in mitigation of damages, that before the speaking of the words the plaintiff's general character and reputation in the community for chastity was bad, and that he was generally reputed in the community to be an unchaste and licentious man.

*J. A. Wing*, for the plaintiff.

*B. N. Davis*, for the defendant.

BARRETT, J.  It is claimed upon the above exceptions that the evidence was improperly admitted, for the reason, that while the alleged slander consisted in charging the plaintiff with having committed the crime of adultery, the evidence of character was not restricted to general character, in reference to the technical kind and legal quality of the act charged, which rendered the words slanderous and actionable.  In other words, it is claimed that no evidence as to character was admissible, except such as tended to show that the plaintiff's general character was bad in reference to the *crime* of adultery.  We think the exception is not well founded.  It is uniformly held, that, in this kind of action, the plaintiff puts in issue his character, so far as the amount of damage is concerned, in reference to the subject whereof the alleged slander is predicated.  The act of such intercourse, as the words charged in this case, is made a crime, and is visited with an ignominious punishment by provision of the statute, contrary both to the common and ecclesiastical law: 4 Bl. Com. 65.

Undoubtedly it is this provision of the statute that makes the words actionable *per se*.  Without that provision, words charging illicit intercourse with a married woman would have no different effect, as constituting a cause of action, from words charging such intercourse with an unmarried woman.  The act, in its

moral and conventional character, would be the same in both cases, and would have the same bearing upon the character, moral and social, of the person committing it. The practice of such acts is *licentiousness*, and the character induced thereby is that of an unchaste and licentious man, as much so, certainly, when they are practiced with *married* as unmarried women. This result is as much involved in acts, which, under the statute, are visited with penalty as a crime, as in the same kind of acts to which such penalty is not attached. When, therefore, a plaintiff comes into court, for the reparation of injury brought to his character by the slander alleged in this case, we think that, as the act charged necessarily involves a specific moral and social debasement, irrespective of the final consequences imposed by the statute, he comes with his character as affected morally and socially by such debasement, when it has become matter of general reputation, whether produced by his habit of licentious conduct with married or unmarried women. It would seem to present to the general sense of the community a strange incongruity, to hold that the character of a confirmed and notorious debauchee is susceptible of injury to the same extent, by the charge of a specific act of illicit intercourse with a married woman, as that of a man unclouded by any suspicion of licentious conduct, unless such character as a debauchee should be shown to exist with reference exclusively to the practice of illicit intercourse with married women; and the incongruity would be rendered the more palpable, if it were to be held that it would require, on this ground, the same amount of pecuniary remuneration to repair the damage to the character of the debauchee reprobate, as to that of the unsuspected chaste man.

Change the state of the case, by supposing that the plaintiff, being unmarried, by a course of licentious conduct towards *unmarried* females had acquired a general character as a licentious debauchee. Having such a character, should he get married, and soon thereafter be charged with an act of illicit intercourse with an *unmarried* female—the same kind of act with the same quality of subject, by practising which, before marriage, he had acquired his character, and which, while he was unmarried, was not criminal under the statute—it would present a rare

absurdity to hold, that the fact of his marriage had so obliterated his existing character up to that time, and had so renovated and purified him as to place him in the same category of immunity as the man whose life had ever been an ensample of purity and chastity; and the absurdity would be strongly illustrated, if he should have fallen into wedlock with a female as debauched as himself—an event likely enough to happen—and would equally involve the application of the rule claimed by the plaintiff in this case.

It seems clear, that the application of the established rule of law on this subject cannot be made to depend upon the accidental circumstance, that either party to the alleged act of illicit intercourse was married, and, by virtue of that circumstance, exclude evidence of the general character of the plaintiff for licentiousness, existing at the time the words were spoken, when such evidence is offered to affect the amount of damages which he should properly recover.

This view, in our apprehension, stands upon reasons that fully justify it, without the support of adjudged cases. Yet, as sustaining it, the case of *Stone* v. *Varney*, 7 Met. 86, and of *Bowen* v. *Hall*, 20 Vt. 232, may be referred to.

Judgment affirmed.