---

B—— vs. I——.

---

*By the Court.*—The judgment of the circuit court is affirmed.

B—— vs. I——.

*Slander—Evidence.*

In slander, evidence of the plaintiff's bad character [reputation], (before the words alleged were uttered) *in respect to the particular crime or fault charged,* is admissible under a general denial.

APPEAL from the Circuit Court for *Dodge* County.

Slander. The case is stated in the opinion. The defendant appeals from a judgment against him, upon a verdict for $2,000 damages.

*E. P. Smith* and *A. Scott Sloan,* for appellant, to the point that evidence was admissible as to plaintiff's bad character, in respect to the subject matter of the charge, cited *Moyer v. Moyer,* 49 Pa. St., 210; *Leonard v. Allen,* 11 Cush., 241; *Bridgman v. Hopkins,* Am. Law Reg., N. S., vol. 1, 168, and note; *Stone v. Varney,* 7 Met., 86.

*Lewis & Fribert, contra,* cited *Hamer v. McFarlin,* 4 Denio, 509, and cases there cited: *Graham v. Stone,* 6 How. Pr., 15; *Stiles v. Comstock,* 9 id., 48; *Gilman v. Lowell,* 8 Wend., 573, 578; *Wolcott v. Hall,* 6 Mass., 514; *Paddock v. Salisbury,* 2 Cow., 811, 815; *Root v. King,* 7 Cow., 613.

COLE, J. It is alleged in the complaint that the defendant has, in the various conversations therein mentioned, imputed to the plaintiff the crimes of larceny, fornication and producing abortion upon herself. The answer was a general denial, and also set up the truth of the words complained of in justification. On the trial, in mitigation of

B—— vs. I——.

the damages, the defendant was permitted to show that the general reputation of the plaintiff was bad at the time of the uttering of the slander.   He further attempted to show that the plaintiff's reputation for chastity was bad; but the evidence was objected to, and excluded by the court.  Was there error in this ruling ?  We are inclined to hold that there was.   In the following cases evidence of the plaintiff's bad character in relation to the particular fault charged is held admissible:   *McCabe v. Platter*, 6 Blackford, 405; *McNutt v. Young*, 8 Leigh, 542; *Buford v. McLuny*, 1 Nott & McCord, 268; *Commons v. Walters*, 1 Porter (Ala.), 323; *Fuller v. Dean*, 31 Ala., 654; *Wetherbee v. Marsh*, 20 N. H., 561; and *Bridgman v. Hopkins*, 34 Vt., 532.   We are well aware that there are cases which hold that it is only character in its most general sense which can be given in evidence; but it appears to us that the better reason is with those authorities which allow evidence of the bad character of the plaintiff in respect to the particular crime imputed to him to go to the jury in mitigation of damages.   Of course, this evidence must relate to the character of the plaintiff in that regard as fixed before the utterance of the words complained of; otherwise the defendant himself, by his defamatory remarks, might cause the very suspicions under which the plaintiff might rest.

We have had some doubt whether the evidence in respect to the plaintiff's bad reputation for chastity was admissible under the general denial; or, whether the defendant should have set up in the answer the matter to be relied on, and which he intended to prove on the trial.   Under the old system of pleading, it was competent for the defendant to give in evidence proof of the general bad character of the plaintiff under the plea of not guilty (*Hamer v. McFarlin*, 4 Denio, 509, and cases *supra*); because such proof bore directly upon the question of malice, and also as to what was

B—— vs. I——.

the extent and degree of injury which the plaintiff had sustained by the alleged slander.  For it was said that it could not be pretended or maintained by any one that a " person of disparaged fame is entitled to the same measure of damages with one whose character is unblemished."  ——— v. Moor, 1 Maule & Selwyn, 284.   Hence the remark is frequently met with in the books, that in this class of actions the character of the plaintiff is put in issue under the plea of not guilty, or of justification—an expression which has been sharply criticized by some judges as inaccurate (see opinion of Justice Cheves in Buford v. McLuny, supra, 272); still it is perfectly manifest that evidence showing that the general character of the plaintiff is bad, or that his character is bad in respect to the particular fault imputed to him, bears directly upon the question as to what compensation he should receive for the injury sustained.   Consequently, whether the general character of the plaintiff was put in issue by the pleadings or not, it is well settled that evidence of previous general bad character was admissible under the plea of not guilty.   It is said to be inadmissible upon two grounds : first, because it rebuts the presumption of malice in the defendant; and second, because it enables the jury to determine what injury the plaintiff has sustained by the fault of the defendant.   And now the question is, Has this rule of pleading been changed by the code ?   In other words, is it necessary for the defendant to state in the answer that he shall offer evidence of general bad character in reference to the matter of offense charged, in order to render such evidence admissible ?   It seems to us that such evidence is still admissible under the general denial. But we have found no case where this precise point is decided.   In Wachter v. Quenzer, 29 N. Y., 547–551, Ch. J. Denio states the present rule in New York to be the following :   The defendant may set up a justification; or he

B—— vs. I——.

may allege facts short of a full justification, but giving some color to the charge, by way of mitigation; or he may do both; and in either case he may prove the facts as they are, though they fall short of a justification; and the jury may take them into consideration for the purpose of mitigating the damages. In that case nothing was alleged specifically by way of mitigation, but there was an attempt to plead a justification, which pleading was held altogether insufficient for want of particularity. And there is a clear intimation in the opinion, that the code generally requires that the mitigating circumstances should be set up in the answer, in order that the plaintiff may be informed of their nature and be prepared to meet them. In certain cases this rule would doubtless be salutary, and would prevent surprise. But we can hardly see how it would have benefited the plaintiff to have had it stated in the answer that evidence of bad reputation for chastity would be relied on in mitigation of damages. The defamatory words imputed to her fornication and other grossly licentious conduct. The plaintiff must be presumed to have come into court prepared to meet any attack upon her general character for chastity.

We therefore think there must be a new trial on account of the error of the court in excluding the evidence offered. This disposes of the case, and it is unnecessary to notice the other points discussed by counsel.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial ordered.