GEORGIA *v.* BOND.

1. SLANDER—WITNESSES—CREDIBILITY—CROSS-EXAMINATION.

In an action for slander in charging plaintiff, a stock buyer, with cheating in the weight of defendant's hogs, it was proper, as bearing on the credibility of the plaintiff, who had taken the stand in his own behalf, to permit defendant's counsel to ask him, upon cross-examination, questions tending to show that he had been dishonest in weighing stock for others.

2. SAME—EVIDENCE—REPUTATION—DAMAGES.

Evidence of plaintiff's bad reputation for honesty and uprightness in a place where he had formerly lived was admissible on the question of damages.

3. SAME—MALICE.

Defendant in an action for slander may give his version of the conversation alleged to have been slanderous, even though he has given notice of justification, and though such version includes statements not narrated by plaintiff, since the additional words may throw light upon the question of malice.

Error to Clinton; Dodds, J., presiding. Submitted April 30, 1897. Decided September 14, 1897.

Case by Schuyler Georgia against William Bond for slander. From a judgment for plaintiff for nominal damages only, he brings error. Affirmed.

*Lyon & Dooling*, for appellant.

*Fedewa & Walbridge*, for appellee.

MOORE, J. In the fall of 1894 plaintiff was buying stock at St. Johns. The defendant is a farmer living in that vicinity. In November, 1894, the defendant sold some hogs to plaintiff, and he claims that plaintiff cheated him in the weight of them. In February, 1895, the parties had some talk about this transaction, and it is claimed by plaintiff that defendant accused him of cheating him

out of a hundredweight of hogs, and also accused him of cheating others. Plaintiff sued defendant in an action of slander. Defendant pleaded the general issue with notice of justification. Plaintiff made a demand of a bill of particulars of the times, places, and persons that plaintiff had cheated in the weight of hogs. No bill of particulars was furnished. On the trial the circuit judge instructed the jury that under the pleadings the defendant could not justify the speaking of the words accusing plaintiff of cheating others, and that the jury must return a verdict in favor of the plaintiff in relation to that charge. The jury answered the following question affirmatively: "Did the plaintiff intentionally cheat the defendant out of one hundred pounds in weight of the hogs in question?" The jury returned a verdict in favor of plaintiff, and assessed his damages at six cents. Plaintiff appeals.

On the cross-examination of the plaintiff, he was asked questions tending to show that he had been dishonest in weighing stock for other people. This is said to be error. We understand the rule to be that when a party becomes a witness in his own behalf it is the right of the cross-examiner to learn about his antecedents and character, so that the jury may know how much credit to give to his testimony. *Ritchie* v. *Stenius,* 73 Mich. 563.

Testimony was given of the bad reputation of the plaintiff for honesty and uprightness in Bengal, where he used to live. It is now said that this was error. Objection was not made at the trial on the ground that the question was not limited to his reputation before the slanderous words were uttered. The objection was put upon the ground that his reputation for honesty and uprightness was not in issue. This testimony related to a time when plaintiff was a resident of Bengal, which was some time before the trial; and, taking the record as it stands, the only question open for discussion is, was it competent as affecting the question of damages? We think the rule is well settled that it is competent to show the reputation previous to the utterance of the alleged slander, as bearing

upon the question of damages. *Bathrick* v. *Tribune Co.*, 50 Mich. 629 (45 Am. Rep. 63); *B——* v. *I——*, 22 Wis. 372; *Bridgman* v. *Hopkins*, 34 Vt. 532; *Clark* v. *Brown*, 116 Mass. 504; Newell, Defam. 890. The court charged the jury that this testimony was received and could be considered only for that purpose.

Complaint is made that defendant was allowed to testify to other statements made by him than those claimed to be slanderous, in connection with the charge that plaintiff had cheated him out of a hundred pounds in the weight of his hogs. It is claimed this is not allowable under his plea of justification. Plaintiff had given his version of the conversation alleged to be slanderous. We think it was competent for defendant to give his version of the conversation, even though it included some statements not narrated by plaintiff. These additional words might throw some light upon the question of malice. *Ritchie* v. *Stenius*, 73 Mich. 563; *Newman* v. *Stein*, 75 Mich. 402 (13 Am. St. Rep. 447); *Ellis* v. *Whitehead*, 95 Mich. 105.

The other assignments of error have been considered, but we do not think it necessary to discuss them.

Judgment is affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.