BARTLE *v.* HOUGHTON COUNTY STREET-RAILWAY CO.

1. NEW TRIAL—WEIGHT OF EVIDENCE.

The decision of the trial court in denying a motion for a new trial, based on the ground that the verdict was against the weight of the evidence, will not be reversed, where the only question was whether a street car was in motion at the time plaintiff attempted to alight, and her testimony that it was not in motion was corroborated by other evidence, although the conductor and six passengers testified that it was in rapid motion.

2. STREET RAILWAYS—NEGLIGENCE—EVIDENCE.

Testimony by plaintiff that, while she was holding to the rail of a street car with her left hand, with her foot out to step on the ground, she heard the bell ring, became insensible,

and, on regaining consciousness, found her left arm pulled out of its socket, warrants the jury in finding that the car started as she was alighting.

Error to Houghton; Streeter, J. Submitted January 7, 1903. (Docket No. 9.) Decided February 17, 1903.

Case by Mary Bartle against the Houghton County Street-Railway Company for personal injuries. There was a judgment for plaintiff, and, a motion for a new trial having been denied, defendant brings error. Affirmed.

*Gray, Haire & Rice,* for appellant.

*J. F. Hambitzer,* for appellee.

Carpenter, J. The jury in the trial court, by their verdict, found that plaintiff was injured while a passenger on defendant's street car, because said car was negligently started as she was alighting therefrom. After the verdict, defendant moved for a new trial, on the ground that the verdict was not supported by the evidence, and was against the clear weight and preponderance of the evidence. The court below denied this motion, and the only questions raised by this appeal relate to the correctness of that decision.

It is conceded that plaintiff, while a passenger on defendant's street car, was injured in attempting to alight from said car. The only question disputed by the testimony is whether or not the car was in motion when this attempt to alight was made. Plaintiff testified that the car was not in motion; that she followed three ladies who got off the car.

" When the last lady left the first step, I got right there, so I could go down, so as not to step on her skirts, and when they left the bottom step I got onto the bottom step. I was standing on my left foot. I put this foot out, for to step off onto the ground, and I heard the bell ring. I was holding on to the rail with my left hand. * * * I put my foot out over, and I was injured. Of course, I was

insensible after I heard the bell ring.   That is all I remember.   *   *   *   My left arm was pulled out of its socket."

Mrs. Lydia Reynolds, who was a passenger on the car, testified:

"I heard the bell ring very quickly after Mrs. Bartle went out, and I wondered if those ladies had time to get off.   *   *   *   I did not leave the car when I heard there was a woman injured.   The car had just stopped when I saw Mrs. Bartle come down the aisle, and I saw those three ladies coming down the aisle, and Mrs. Bartle behind."

Defendant introduced the testimony of the conductor of the car and six passengers, who testified that the car was in rapid motion at the time plaintiff attempted to alight. One of these witnesses, however, was accustomed to ride on passes given by defendant; and the plaintiff's son testified that he asked the conductor, the next day after his mother's injury, "how he came to start the car before mother got off, and he said he thought she was off." Plaintiff's husband, too, gave testimony tending to contradict the testimony of defendant's witnesses that the car was not stopped at the place where plaintiff was injured. Under these circumstances, we cannot say that the trial judge was not justified in deciding that the verdict was not against the clear weight and preponderance of the evidence.

Defendant also insists that the evidence did not warrant the submission of the case to the jury, on the ground that plaintiff's testimony does not warrant the inference that she was injured by reason of the car starting as she was alighting therefrom.   It is to be noted that, though the defendant filed its original brief in this court on the 1st of August, 1902, and its reply brief on the 29th of August, this claim is first made in a supplemental brief filed on the 7th of November.   Defendant explains its neglect to make this point earlier by saying, "The feature of the law now to be suggested did not occur to us before."   It is unnecessary to dispose of this contention by saying that it will

not be considered because not made earlier. We think that plaintiff's testimony, heretofore quoted, that, while she was holding to the rail with her left hand, with her foot out to step on the ground, she heard the bell ring, became insensible, and, when she regained consciousness, found her left arm pulled out of its socket, clearly warranted the jury in inferring that the car, the rail of which was in her left hand, started as she was alighting. This is not like the case of *Benedick* v. *Potts*, 88 Md. 52 (40 Atl. 1067, 41 L. R. A. 478), cited in defendant's brief, where it was held that the jury could not be permitted to infer negligence from the mere fact of the injury. It is a case, however, in which negligence may be inferred from the injury and from the accompanying circumstances. *La Fernier* v. *Soo River Lighter & Wrecking Co.*, 129 Mich. 596 (89 N. W. 353).

The case of *Paynter* v. *Traction Co.*, 67 N. J. Law, 619 (52 Atl. 367), is confidently relied upon by defendant in support of the proposition under discussion. There the plaintiff testified that she was attempting to alight from a car after it stopped, and while she was in the act of alighting she was thrown to the ground. The witnesses introduced by her, who were passengers, and in a position to make accurate observation, had no recollection of the car starting again until after plaintiff's injury; and the court, upon the principle that "the mere happening of the accident is not sufficient to place legal responsibility for its effects upon the defendant," decided that the jury could not, from this evidence, infer that the injury was caused by the starting of the car. That case is clearly distinguishable from the case at bar. There it was more probable that some other cause than the starting of the car had occasioned plaintiff's injury. Here it is difficult to see how any other cause than the starting of the car could have occasioned plaintiff's injury in the manner and under the circumstances stated by her.

The judgment of the court below is affirmed.

The other Justices concurred.