CUMMINGS v. DETROIT UNITED RAILWAY.

1. WITNESSES—CROSS-EXAMINATION—PARTIES.

The latitude to be given in cross-examining the plaintiff is within the discretion of the trial court.

2. CARRIERS — NEGLIGENCE — ALIGHTING FROM CAR — STARTING STREET CAR.

Under plaintiff's claim that she was thrown and injured by the premature movement of the street car from which she was alighting, the subject of negligence was properly presented to the jury by instructions that if the car started while she was in a position of danger, where the starting of the car would have a natural tendency to throw her, negligence was shown; but if she slipped while the car was at a full stop, she could not recover; that if her version was correct, she was entitled to recover; if the defendant's version was true, she was not entitled to recover.

Error to Wayne; Murfin, J. Submitted October 18, 1910. (Docket No. 83.) Decided November 11, 1910.

Case by Sarah J. Cummings against the Detroit United Railway for personal injuries. A judgment for defendant is reviewed by plaintiff on writ of error. Affirmed.

*Clarence P. Milligan*, for appellant.

*Corliss, Leete & Joslyn* (*A. B. Hall*, of counsel), for appellee.

MOORE, J. This is a suit for damages for personal injuries sustained by plaintiff while alighting from a car of the defendant company on Congress street east, in the city of Detroit, after the car had come to a regular passenger stop at the corner of Hastings street, on the evening of January 7, 1909. The case is brought here by writ of error, because of the improper cross-examination of the plaintiff. It is also claimed that the judge did not properly charge the jury.

There were but two witnesses sworn who knew anything about the accident, the plaintiff and the conductor. They do not agree about what occurred. The plaintiff testified that she boarded the car at Brush street; that she was hurt at half past 8 o'clock in the evening, as she was alighting from the car, because it was started while she was alighting; and that it was four months before she could resume her work. The conductor testified that she got on the car at Randolph street; that the accident occurred at 5 minutes before 11 o'clock at night; that the car was not started, after it was stopped, until after plaintiff was hurt; and that the foot of the plaintiff caught upon something as she was alighting. Part of the cross-examination, to which exceptions are taken, related to where and for whom plaintiff worked, and part of it to an occurrence in which she was a participant, two months after the accident, while she had testified that she could not resume her work for four months. The latitude given to the cross-examination was within the discretion of the judge. See *Ritchie* v. *Stenius*, 73 Mich. 563 (41 N. W. 687); *Georgia* v. *Bond*, 114 Mich. 196 (72 N. W. 232).

It is said the judge did not sufficiently charge the jury upon the question of negligence. The only negligence claimed was the starting of the car while plaintiff was alighting from it. The court charged the jury among other things:

"Well, gentlemen of the jury, as I have had occasion to say to most of you before on this panel, in cases of this description, the primary inquiry on your part is the question as to whether the defendant company was negligent, and then follows the question as to whether or not the plaintiff herself was free from contributory negligence. I don't think, in a case of this description, that it is either essential or of a great deal of assistance to you to define with any great amount of accuracy or detail the meaning of the term 'negligence.' In general, you know what it is. For the purpose of this controversy, I say to you, gentlemen, this: That if this car was started up after it came to a full stop, while the plaintiff was in the position

103 MICH.—20.

of danger, from which position the starting up of the car would have a natural tendency to throw her off the car and injure her, that would be negligence. If, on the other hand, the theory of the defendant is correct, and the plaintiff simply slipped as she was getting off the car, while the car was at a full stop, then there is no negligence on behalf of the company, and she cannot recover. Now, you have heard this short case. You have heard the conflicting claims of the complainant and the defendant. If the plaintiff's version of this accident is true, she is entitled to recover. If the defendant's version of the accident is true, she is not entitled to recover."

We think this covered the subject of negligence as presented by this record very fully.

Judgment is affirmed.

HOOKER, MCALVAY, BROOKE, and BLAIR, JJ., concurred.