ROCKFORD MALLEABLE IRON WORKS v. TILDEN.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED
   —CONFLICT OF LAWS.
   The trial court was not in error in excluding testimony of
   defendant as to a subsequent oral agreement with the
   president of plaintiff, since deceased, modifying the original
   contract, although the agreement was made in Illinois;
   the law of this State would govern. 5 How. Stat. (2d Ed.)
   § 12856.
2. SAME — CROSS-EXAMINATION — DISCRETION OF COURT — SET-OFF
   AND RECOUPMENT.
   Where defendant sought to recoup damages for breach of
   contract, and plaintiff contended it was unable to fulfill
   because the proper materials were not furnished by de-
   fendant, and defendant claimed that they were the same
   he had furnished others, and that no complaint had ever
   been made, cross-examination of defendant as to his con-
   tention did not exceed the discretion lodged in the trial
   judge.
3. DAMAGES—BREACH OF CONTRACT—MEASURE OF DAMAGES—SALES.
   The measure of damages for the breach of a contract of
   sale is the difference between the contract price of the
   goods and what they would cost the buyer at the time of
   the breach, and it is not necessary, in order to recover,
   that he actually purchase the goods.

Error to Van Buren; Des Voignes, J. Submitted
June 25, 1915. (Docket No. 51.) Decided September
28, 1915.

Assumpsit by the Rockford Malleable Iron Works,
a foreign corporation, against B. E. Tilden for a bal-
ance claimed to be due for goods sold and delivered.
Judgment for plaintiff. Defendant brings error. Re-
versed.

*David Anderson,* for appellant.
*Glenn E. Warner,* for appellee.

MOORE, J. Plaintiff sued to recover a balance

claimed to be due for a quantity of malleable iron replacing frogs, which it delivered to defendant, of $414.91, and interest.

Defendant pleaded the general issue, and gave notice that he entered into a supplemental agreement with Harry Forbes, president of the plaintiff company, to take the place of the first contract. The defendant also gave notice under the plea of the general issue of damages he claimed to have sustained because of the alleged breach of the contract by the plaintiff. The items which he sought to recoup aggregated $491.32. The jury found in favor of the plaintiff for the full amount of its claim. From a judgment entered on the verdict the case is brought here by writ of error.

The assignments of error are argued under the following heads:

(1) Error of the court in excluding the testimony of defendant as to the supplemental agreement between himself and this defendant company, acting by its president, Harry Forbes.

(2) The erroneous and prejudicial cross-examination of the defendant as to his contracts with other companies, his having lawsuits with them, and as to the name under which this defendant had done business, and as to the reasons why different companies refused to take the contract for making these goods after plaintiff failed in its efforts so to do.

(3) Errors of the court in his instructions to the jury.

We will consider the assignments of error in the order in which they were presented.

1. It is urged the court should have permitted Mr. Tilden to testify to the making of a supplemental agreement with Mr. Forbes, though he is dead, and though his testimony is covered by the Michigan statute, because the contract was made in Illinois, and that, in the absence of testimony as to the Illinois statute, there is no presumption that the law is the same as

188 Mich.—6.

that of Michigan. Counsel concludes this part of his argument by saying:

"We wish to say frankly to the court that we have searched diligently through the authorities so far as they are accessible to us, and have been unable to find any authority on either side of this question. So far as we have been able to discover, the question has never been passed upon."

We think the following authorities sustain the ruling of the circuit judge in excluding the testimony: See *Home Life Ins. Co.* v. *Elwell,* 111 Mich. 689 (70 N. W. 334), *Kirtland* v. *Wanzer,* 2 Duer (N. Y.) 278; *Downer* v. *Chesebrough,* 36 Conn. 39 (4 Am. Rep. 29); 9 Cyc. p. 690, and notes.

2. The appellant contends that the court erred in permitting the cross-examination of the defendant. Defendant sought to recoup damages for breach of the contract. Plaintiff claimed it was unable to fulfill the contract because the proper patterns, flasks, and cores were not furnished. Defendant claims it did furnish proper patterns, flasks, and cores, and that they were the same it had furnished others, and that no complaint had ever been made.

The cross-examination related to this contention of the defendant, and did not exceed the discretion lodged in the trial judge. *Ritchie* v. *Stenius,* 73 Mich. 563 (41 N. W. 687); *Georgia* v. *Bond,* 114 Mich. 196 (72 N. W. 232); *Cummings* v. *Railway,* 163 Mich 304 (128 N. W. 206).

3. Appellant claims the court erred in his instructions to the jury. It was his theory that he was entitled to recover the difference between the price in his contract with plaintiff and what he would have to pay to procure these goods from any other source. This difference in the price was the largest element of his claim of damages. He testified that he could not buy the castings for less than 2¾ cents per pound; that

he sought to place contracts in several places at that time, and was unable to do so; that he finally succeeded in making two contracts each for 500 pairs at 2¾ cents per pound. These contracts were in writing, and were in evidence, though all that appears of them in the record is as follows:

"The contracts offered show the prices and the dates. In Exhibit O the date is October 25, 1911, and the price to be 2¾ cents per pound, f. o. b. Chicago, or Chicago rail freight allowed. The other contract is dated December 26, 1911, and the price is exactly the same 2¾ cents per pound, f. o. b. Chicago, or Chicago rail freight allowed."

Defendant claims that when he had proved it would require this advanced price to procure the goods he had proved all that it was necessary for him to prove to establish this part of his claim. He complains of that part of the charge reading as follows:

"Defendant is not entitled to any damages under this subsequent contract unless you find in this case he has proved that he ordered and paid for frogs from the Lakeside Malleable Castings Company, of Racine Junction. In other words, the mere fact that he made a contract does not establish that he has been damaged or that he has purchased any goods from the Lakeside Malleable Castings Company. It must appear that he made purchases in order to show that he suffered damages by reason of the nondelivery of any of the castings in this case. In other words, gentlemen, in order that you may clearly understand what that instruction stands for, it means simply this, that the fact that there was a thousand castings or pairs contracted for in this case is no material consequence, unless you find that plaintiff in this case by reason of a failure to furnish castings to this defendant, that defendant thereby suffered a loss and sale to customers in that respect."

In 3 Sutherland on Damages (3d Ed.), § 699, occurs the following:

"In such cases the employer is generally entitled to measure his damages by what the necessary expense

would be to procure to be done the work which the contractor neglected to do, whether it is done or not; for the same reason that a vendee in an executory contract for the sale of goods need not, in fact, purchase the goods he was entitled to receive from the vendor in order to have his damages computed on the basis of what they would cost him at the time of the breach."

In the recent case of *Newton* v. *Construction Co.*, 184 Mich. 63 (150 N. W. 348), there is a discussion at some length of the law which is applicable to the instant case. We content ourselves with referring to that opinion. We think the court erred in that part of the charge we have quoted.

Judgment is reversed, and a new trial ordered.

BROOKE, C. J., and KUHN, STONE, OSTRANDER, BIRD, and STEERE, JJ., concurred.

The late Justice MCALVAY took no part in this decision.