ROGERS *v.* CITY OF DETROIT.

1. STREET RAILWAYS — NEGLIGENCE — PASSENGER ALIGHTING — JERKING.

Conflicting testimony as to whether or not street car jerked just as plaintiff was about to alight therefrom and caused her to be thrown through the door to the pavement *held*, to raise question of fact for jury on issue of defendant's negligence.

2. SAME—SUDDEN JERK WHILE PASSENGERS ALIGHT—NEGLIGENCE.

A sudden jerk of a street car while passengers are alighting may be negligence.

3. SAME—PASSENGERS BOARDING CARS—SEATING—ABRUPT STARTING.

The common experience of street car passengers who have just boarded the car is that it may start before they are seated and that the movement may be abrupt.

4. SAME—PASSENGERS ALIGHTING FROM CARS.

When a passenger is in the act of leaving a street car he has a right to assume that it will remain stationary until those who are being discharged have an opportunity to alight.

5. EVIDENCE—MOTION PICTURES—DISCRETION OF COURT.

The reception of motion pictures in evidence should be left largely to the judgment and discretion of the trial judge.

6. SAME—MOTION PICTURES OF INJURED PERSON—PULSATION OF THROAT.

In action for personal injuries to woman whose condition was such that counsel agreed it would be dangerous to bring her to the courtroom, admission of motion pictures taken in her home and showing rapid pulsation of her throat *held*, proper, where testimony had already been received of her condition, court felt jury would better understand that condition if the motion pictures were shown, and no claim is raised they were not an accurate portrayal of her condition or that the proper foundation was not laid for their introduction.

7. SAME—EXCLAMATIONS OF PAIN—SPONTANEITY.

The controlling test of the admissibility of exclamations of pain is spontaneity.

8. SAME—EXCLAMATIONS OF PRESENT SUFFERING.

   Exclamations of pain are admitted only upon the ground that they are the natural and ordinary accompaniments and expressions of suffering, as acts rather than declarations.

9. SAME—PERSONAL INJURIES—EXCLAMATIONS OF PAIN.

   In action for personal injuries testimony as to spontaneous exclamations of pain by injured person *held*, properly admitted.

Appeal from Wayne; Moynihan (Joseph A.), J. Submitted April 7, 1939. (Docket No. 54, Calendar No. 40,395.) Decided June 5, 1939.

Separate actions of case by Margaret Rogers and Silas Rogers against City of Detroit, Department of Street Railways, for damages for personal injuries sustained by wife when alighting from a street car and for loss of her services and expenses incurred by husband. Cases consolidated for trial and appeal. Verdicts and judgments for plaintiffs. Defendant appeals. Affirmed.

*H. R. Martin,* for plaintiff.

*Leo A. Sullivan,* for defendant.

BUSHNELL, J.   The action of Margaret Rogers, for damages suffered by reason of an injury sustained while alighting from a street car, was consolidated with the action of her husband, Silas Rogers, for his loss of her services and expenses incurred. On September 30, 1936, about 11:30 a. m., Mrs. Rogers was a passenger on one of defendant's southbound Trumbull avenue street cars. When this car reached Michigan avenue it came to a stop and the exit doors were opened by the conductor. Mrs. Rogers, who intended to transfer to a westbound Michigan avenue car, claims that, just as she was about to step out of the door, the car jerked and she was thrown through

the door to the pavement, and severely injured. Verdicts were rendered by the jury in the sum of $3,750 for Mrs. Rogers and $1,250 for her husband. From these judgments defendant appeals. Three questions are proposed by appellant:

1. Was there any evidence of defendant's negligence?

2. Was it prejudicial error to permit the jury to view motion pictures of the rapid pulsation of plaintiff's throat?

3. Was it error to admit testimony as to plaintiff's exclamations of pain?

There is a conflict in the testimony regarding the jerking of the car. The exit doors were controlled by the conductor, who stated that the street car would not start while they were open; that Mrs. Rogers was the last passenger to leave the car at this stop; that before she fell she was "standing in the center of the doors on the platform of the car and that she seemed to take a tumble from the floor level over the steps to the pavement;" that, from the time the car came to a stop until she fell, "the street car did not start at any time." The motorman explained the mechanism of this Peter Witt type of car, which he said cannot be started while the side doors are open; that when the conductor opens the side doors he cuts off the power from the controller and the car then cannot move unless an emergency switch at the front end of the car is thrown backward. With the switch in this position, the car can be moved while the doors are open. A woman passenger on the car said it gave a violent jerk while Mrs. Rogers was standing near the opened exit doors ready to alight. This conflict in the testimony raised a question of fact for the jury.

Appellant argues that proof of a jerk is not necessarily proof of negligence and cites a number of cases, in none of which jerking occurred while the

passenger was alighting. The distinction between the rule in such cases and those involving sudden increases and decreases in speed is discussed in *Selman* v. *City of Detroit,* 283 Mich. 413.

A sudden jerk of a street car, while passengers are alighting, may be negligence. 10 Am. Jur. p. 253, 13 C. J. S. p. 1384, 56 A. L. R. 1008. Authorities supporting this rule are *Bartle* v. *Railway Co.,* 132 Mich. 290; *Burke* v. *Bay City Traction & Electric Co.,* 147 Mich. 172; *Cummings* v. *Railway Co.,* 163 Mich. 304; *Krouse* v. *Railway Co.,* 170 Mich. 438; *Tuttle* v. *Railway Co.,* 193 Mich. 390.

The reason for the rule is well stated in *Laub* v. *Philadelphia R. T. Co.,* 97 Pa. Super. 323, where the court said:

"But there is a difference, well recognized in the cases, between the case in which the passenger is fully and fairly upon the car, which he has just boarded, and the case in which a car has stopped to discharge passengers and they are in the act of leaving it. Our common experience teaches us that in the former case the passenger must anticipate that the car may start before he is seated, and that the movement may be abrupt. In the latter case the passenger has the right to assume that it will remain stationary until those who are being discharged have an opportunity to alight, and its sudden movement is unexpected."

The second question has to do with the admission of moving pictures that were taken in plaintiff's home showing the rapid pulsation of plaintiff's throat. Counsel agreed that it would be dangerous to bring Mrs. Rogers to the court room. Testimony had already been received of her condition, but the court felt the jury would better understand that condition if the moving pictures were shown. The trial judge investigated the circumstances and conditions

under which they were made and viewed them apart from the jury before admitting them in evidence. No claim is made that they were not an accurate portrayal of Mrs. Rogers' condition, or that the proper foundation was not laid for their introduction. See "Motion Pictures in Evidence," 27 Ill. Law Rev. 424. Certain circumstances under which motion pictures might convey an erroneous impression to a jury are pointed out in 2 Wigmore on Evidence (2d Ed.), p. 107. The reception of such evidence should be left largely to the judgment and discretion of the trial judge. *Heiman* v. *Railway Co.,* 21 Cal. App. (2d) 311 (69 Pac. [2d] 178) ; *State, for the use of Chima,* v. *United Railways & Electric Co.,* 162 Md. 404 (159 Atl. 916, 83 A. L. R. 1307) ; and *Denison* v. *Railway Co.,* 135 Neb. 307 (280 N. W. 905). It was not error to permit the jury to view these motion pictures.

Witnesses were allowed to testify as to exclamations of pain made by plaintiff. Appellant says this is reversible error, citing *Layton* v. *Cregan & Mallory Co., Inc.,* 269 Mich. 574. That decision refers to the rule stated in a former appeal reported in the same case. 265 Mich. 574, 580. The controlling test of the admissibility of exclamations of pain is "spontaneity." Chief Justice CAMPBELL, in *Grand Rapids & I. R. Co.* v. *Huntley,* 38 Mich. 537 (31 Am. Rep. 321), said:

"These statements are admitted only upon the ground that they are the natural and ordinary accompaniments and expressions of suffering. It would be impossible in most cases to know of the existence or extent or character of pain without them. They are received therefore as acts rather than declarations, and admitted from necessity. The rule which admits declarations of present suffering has never been extended so as to include declarations

either of past suffering or of the causes in the past of such suffering, so as to make such statements proof of the facts. Declarations concerning the past are narratives and not facts. Exclamations of suffering may be, and if honest are, parts of the occurrence itself.''

See, also, 3 Jones, Commentaries on Evidence (2d Ed.), pp. 2225, 2226.

Tested in the light of this rule, the court was not in error in admitting this testimony.

The judgments entered upon the several verdicts are affirmed, with costs to appellee.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred.