PEOPLE v MUNDY

1. CRIMINAL LAW—EVIDENCE—CREDIBILITY—PRIOR CONVICTIONS—
COURTS—DISCRETION.

Refusal to suppress evidence of a defendant's prior conviction of
attempted carrying a concealed weapon in a trial for assault
with intent to commit murder is not error where the entire
record, the transcript of a separate evidentiary hearing and
statements by the trial judge show that the judge was aware of
his right to exercise discretion on whether the evidence was
admissible to determine credibility and there was no abuse of
the court's discretion in admitting the evidence.

2. CRIMINAL LAW—EVIDENCE—FILM—PROSECUTION—CLOSING ARGU-
MENT—JURY—REPLAY.

Exhibits which have been admitted into evidence may be dis-
played to the jury and referred to by the prosecutor during
final argument; both the prosecution and the defendant have a
right to use in final arguments any and all evidence previously
admitted into evidence and this includes the right to play back
to the jury portions of a film which has been properly admitted
into evidence.

Appeal from Wayne, James N. Canham, J. Sub-
mitted June 11, 1975, at Detroit. (Docket No.
19950.) Decided August 26, 1975. Leave to appeal
applied for.

David L. Mundy was convicted of assault with
intent to commit murder. Defendant appeals. Af-
firmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 585.
[2] 29 Am Jur 2d, Evidence § 801.
  Use of motion pictures as evidence. 62 ALR2d 686.

Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*George E. Lee,* for defendant.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

V. J. BRENNAN, J. Defendant, David L. Mundy, was charged with assault with intent to commit murder. MCLA 750.83; MSA 28.278. On February 5, 1974, a jury found defendant guilty of the charged offense. On March 20, 1974, the trial judge sentenced defendant to five to ten years in prison. Defendant now appeals as of right raising two issues for our consideration. We affirm.

Defendant first claims that the trial court erred in refusing to suppress evidence of defendant's prior conviction of attempted carrying a concealed weapon. See *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974). We find no error. The trial court conducted a separate hearing outside the presence of the jury and concluded that the use of this prior conviction was admissible to determine the credibility of the witness. The trial court made several observations one of which taken alone would indicate that he felt he had no discretion in this area. This statement was "the [historic] right of the prosecution [to challenge the credibility of a witness] and the court will not deny the prosecution that right". However, the entire record, the transcript of the separate hearing on the admission of this previous conviction and his various statements, clearly show he was well aware of his discretion in this area and his right to exercise it. We find no abuse thereof. We would also point out

that because of the overwhelming nature of the convicting evidence presented in this case we are satisfied that the jury would have returned the same verdict without the knowledge of this previous conviction.

Defendant next claims that the trial judge erred in permitting the prosecution to play back, during his rebuttal argument, portions of a certain film that had previously been admitted into evidence. Defendant does not contest the fact that the film was properly admitted into evidence, *Rogers v Detroit,* 289 Mich 86; 286 NW 167 (1939), *People v Heading,* 39 Mich App 126; 197 NW2d 325 (1972), nor does defendant contest the fact that exhibits which have been admitted into evidence may be displayed to the jury and referred to by the prosecutor during final argument. Indeed, defendant could not seriously argue otherwise. Historically, all materials admitted into evidence compose an integral and absolutely necessary part of the case, and both the prosecution and the defendant have an absolute right to use any and all such evidence in final arguments. This is basic to trial procedure. Defendant does argue, however, that films are in a category apart from other types of demonstrative evidence because they have a certain testimonial quality not present in other types of exhibits. This difference, defendant contends, renders improper the use of films during closing argument. We disagree. While this issue has not heretofore been decided by an appellate court in this state, a similar argument has been considered and rejected by the New Mexico Court of Appeals in *State v Orzen,* 83 NM 458; 493 P2d 768 (1972), a decision with which we agree and whose rationale we adopt. We therefore find no error.

The replaying of these films helped the jury to

accurately reconstruct the occurrences surrounding this offense. If only all crimes at the time of commission could be filmed and the film available for trial. If properly authenticated, and the film here was, all guesswork would be removed from a case.

Affirmed.