**Elmer Curtis TURBYFILL, Plaintiff,**

v.

**INTERNATIONAL HARVESTER CO., a Delaware Corporation, Defendant.**

**Civ. A. No. 78–72189.**

United States District Court,
E. D. Michigan,
Southern Division.

March 21, 1980.

Harvey Chayet, Thurswell & Chayet, Detroit, Mich., for plaintiff.

Mark H. Sutton, James M. Cameron, Jr., Dykema, Gossett, Spencer, Goodnow & Trigg, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This diversity case, a personal injury action, is before the court on plaintiff's motion for a new trial in which he sets forth several instances of alleged error in the conduct of the trial. In addition to ruling on plaintiff's motion, this opinion will explain a novel and interesting evidentiary ruling which was made at trial.

The facts underlying plaintiff's claim for damages are as follows. Plaintiff and two companions visited defendant's used car lot in St. Joseph, Missouri, with the purpose of purchasing a truck. They became interested in one particular truck, but because the truck wouldn't start, defendant's mechanic Oakley Anderson attempted, with the help of plaintiff and his companions, to get the truck started. Plaintiff was pouring gasoline from a small can into the carburetor when his companion attempted to start the engine. The engine backfired and ignited the can held by plaintiff, and plaintiff suffered severe burns on the upper part of his body.

Because plaintiff failed to make a timely demand for a jury trial, the case was tried to an advisory jury under F.R.C.P. 39(b) on the issue of liability. The advisory jury empaneled to determine liability was, however, to deliver a binding judgment on damages if liability was found. The case was tried to the jury under exactly the same circumstances as if a jury had been demanded as a matter of right. The court determined that the substantive law of Missouri applied to this case, in accordance with the Michigan rules on conflicts of laws, because the accident occurred in Missouri. The advisory jury found for the defendant on the issue of liability, and this court entered judgment for the defendant, finding that the plaintiff had failed to establish negligence on the part of the defendant and that the plaintiff had been contributorily negligent as well.

The major error alleged by plaintiff in support of his motion for a new trial was the court's application of Missouri, rather than Michigan, law. In addition plaintiff asserts that if Missouri law applied to this case, the "humanitarian doctrine" of that state's tort law should have been applied. The motion for a new trial is further grounded on plaintiff's assertion that evidence regarding his prior convictions was erroneously admitted. Plaintiff also argues that the court erred in denying a full jury trial on the issue of liability, and in finding that the plaintiff failed to establish the negligence of the defendant.

The above issues presented by plaintiff's motion have already been carefully considered by the court, and merit no further discussion. The court is not persuaded that the determination made as to either choice of law or the admissibility of evidence of prior convictions was erroneous. The utilization of an advisory jury pursuant to Rule 39(b) did not constitute error. Furthermore, the findings of the advisory jury and the court on the issue of liability are supported by the weight of the evidence. Accordingly, plaintiff's motion for a new trial on these grounds is denied.

**234**

■ In addition to the above grounds, plaintiff also asserts that it was error for the court to admit into evidence the handwritten, unsworn account of the accident made by defendant's mechanic, Oakley Anderson. As noted above, Anderson was asked to get the truck started for plaintiff and his companions, and was present when plaintiff was injured. Prior to trial, but after this suit was instituted, Anderson died. Defendant sought to have admitted Anderson's handwritten account of the accident. During the trial, Gordon Brown, Anderson's supervisor, testified that, upon learning of the accident on the afternoon that it happened, he instructed Anderson to "go into a room, fill out a statement and not talk to anyone else; write down anything that he knew about it, and everything." Trial transcript at 321. Anderson made a handwritten report of the incident as he was instructed to do. Brown testified that the document proffered by defendant was the account written by Anderson, stating that he was familiar with Anderson's handwriting and identifying the document as written by Anderson. Brown further stated that Anderson signed the account in his presence, although Anderson wrote it while he was alone in a room. The written statement was read to the jury, but the court did not allow the jury to see copies of the statement, declining to give Anderson's account of the accident any more weight than it would have had if Anderson had been alive to testify.

Anderson's written account of the accident was admitted into evidence to prove the truth of the matter asserted therein. It thus constituted hearsay evidence under Rule 801(c) of the Federal Rules of Evidence. Plaintiff objects to the admission of the Anderson statement on the ground that it does not fall within any of the hearsay exceptions embodied in F.R.E. 803 or 804, and is thus barred by F.R.E. 802, the general evidentiary rule barring the admission of hearsay.

The circumstances under which Anderson wrote his account of the accident were such as to persuade the court that the statement should be admitted under Rule 804(b)(5):

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness [is not excluded by the hearsay rule] if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

Anderson's statement was written on the afternoon of the accident while the events were still fresh in his mind. Moreover, he wrote the account while he was alone in a room, without prompting or pressure by his superiors. These factors amply demonstrate that Anderson's statement had circumstantial guarantees of trustworthiness equivalent to those underlying the hearsay exceptions of both Rule 804 and Rule 803. Moreover, the statement was offered as proof of a material fact, and was more probative on the points for which it was offered than any other evidence which defendant could reasonably have obtained. Under these circumstances, it clearly served the interests of justice to admit the statement into evidence.

Moreover, it is worthy of note that admission of the Anderson statement was consistent with the policy underlying Rule 803(5) which provides:

A memorandum or record concerning a matter about which a witness once had knowledge but now has insufficient recollection to enable him to testify fully and accurately, shown to have been made or adopted by the witness when the matter was fresh in his memory and to reflect that knowledge correctly [is not excluded by the hearsay rule].

If Anderson had been alive and present to testify at the trial, and if he had suffered a loss of memory concerning the circumstances of the accident, his written account would have been admissible and could have

been read to the jury. He wrote the statement on the afternoon of the accident, while the circumstances were still fresh in his mind. Moreover, the fact that he made his written account while alone in a room indicates that the account accurately reflects his knowledge of the events transcribed.

The above discussion demonstrates that Anderson's statement was properly admitted into evidence. Thus, this last argument in support of plaintiff's motion for a new trial is without merit. Accordingly, plaintiff's motion is denied.

During the trial, defendant made an evidentiary objection to the admission of portions of plaintiff's testimony concerning any acts or statements of Oakley Anderson based on Michigan's Dead Man Statute, M.C.L.A. § 600.2166, discussed below.

This suit, as originally commenced, was filed against defendant and one "John Doe."[1] Defendant asserted that Oakley Anderson was the unknown party named John Doe in the complaint. Thus, defendant argued, plaintiff was barred from testifying about any of Anderson's acts or statements which were equally within Anderson's knowledge. This argument was based on Michigan's Dead Man Statute, M.C.L.A. § 600.2166:

> (1) In an action by or against a person incapable of testifying, a party's own testimony shall not be admissible as to any matter which, if true, must have been equally within the knowledge of the person incapable of testifying, unless some material portion of his testimony is supported by some other material evidence tending to corroborate his claim.
> (2) A "person incapable of testifying" includes an individual who is incapable of testifying by reason of death . . . .

The competency of a witness to testify is governed in federal court by F.R.E. 601:

> Every person is competent to be a witness except as otherwise provided in these rules. However, in civil actions and proceedings, with respect to an element

of a claim or defense as to which State law supplies the rule of decision, the competency of a witness shall be determined in accordance with State law.

Thus, in this civil diversity suit, the court is directed to state law to determine the competency of the plaintiff to testify regarding Anderson's acts and statements. It is not clear from the language of the rule, however, whether the law of Michigan, the state in which this court sits, or the law of Missouri, the state whose substantive law governed this case, provides the governing rule on plaintiff's competency to testify. J. Martin, *Conflict of Laws* at 439, note 16 (1978). Nonetheless, as the following analysis demonstrates, the Michigan rule on competency applies to this case.

 It is well established that a federal court must apply the conflict of law rules of the state in which it sits. *Klaxon Co. v. Stentor Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). The relevant inquiry, therefore, is whether Michigan's conflicts rules require the application of Michigan or Missouri law on the competency issue. See *Samuelson v. Susen*, 576 F.2d 546 (3rd Cir. 1978). The conflicts approach in Michigan is to apply Michigan law on procedural questions, including those concerning the admissibility of evidence, even if the substantive law of another jurisdiction provides the rule of decision. *Malleable Iron Works v. Telden*, 188 Mich. 80, 81, 154 N.W. 35 (1915); Callaghan's *Michigan Civil Jurisprudence*, Conflict of Laws, § 72 (1958).

A determination that Michigan's rules of competency govern this case does not, however, require a holding that the Dead Man Statute quoted above operated to bar plaintiff's testimony concerning Anderson's acts and statements. Although the competency rule embodied in M.C.L.A. § 600.2166 has not been repealed, it has been, in effect, overruled by the Michigan Supreme Court.

 In 1978, the Michigan Supreme Court adopted new rules of evidence, including M.R.E. 601 which provides:

> Unless the court finds after questioning a person that he does not have sufficient

---

1. The court dismissed Doe as a defendant on plaintiff's oral motion on the first day of trial.

physical or mental capacity or sense of obligation to testify truthfully and understandably, every person is competent to be a witness except as otherwise provided in these rules.

By its terms, Rule 601 is inconsistent with M.C.L.A. § 600.2166. Moreover, the note accompanying Rule 601 indicates the court's intention to make Michigan's rule on competency consistent with both the Federal Rules of Evidence and the Uniform Rules of Evidence promulgated by the National Conference of Commissioners on Uniform State Laws. Neither the federal rule nor the uniform rule on competency includes restrictions similar to those embodied in the Dead Man Statute. Indeed, the Commissioners' Comment to U.R.E. 601 states that the rule repeals the "deadman's statute," and adds:

We recommend this. If it is desired to retain the deadman's statute a sentence should be added recognizing the exception provided in the local "deadman's statute."

By virtue of the fact that Rule 601 as adopted by the Michigan Supreme Court does not embody the exception to a witness' competency embodied in M.C.L.A. § 600.2166, and by virtue of the reference to both F.R.E. and U.R.E. 601, it is abundantly clear that the Court intended that the statute have no further force or effect on the issue of competency.

■ It is not enough, however, to demonstrate that the Michigan Supreme Court intended to alter the competency rule of M.C.L.A. § 600.2166. It must be further shown that the Court has the power to adopt binding evidentiary rules which are inconsistent with legislative enactments.

Section 5 of Article 6 of the Michigan Constitution provides:

The supreme court shall by general rules establish, modify, amend and simplify the practice and procedure in all courts of this state.

This provision has been held to grant the Court the power to adopt binding rules of procedure, regardless of whether they are inconsistent with legislative enactments. Moreover, the procedural rules which fall within this grant of power include evidentiary rules:

The function of enacting and. amending judicial rules of practice and procedure has been committed exclusively to this Court . . . ; a function with which the legislature may not meddle or interfere save as the Court may acquiesce and adopt for retention at judicial will . . [T]he rules of practice and procedure include the rules of evidence . . . . *Perin v. Peuler*, 373 Mich. 531, 541, 130 N.W.2d 4, 10 (1964).

See also Joiner and Miller, *Judicial Rule Making in Michigan*, 36 Mich. State Bar Journal 26 (April, 1957).

Thus, not only did the Michigan Supreme Court intend to abolish the restrictions on competency embodied in M.C.L.A. § 600.-2166, the Court also has the constitutional power to do so. It is therefore clear that there is no Dead Man's Statute in Michigan which would operate to exclude the portions of plaintiff's testimony to which defendant objected. Defendant's motion to exclude plaintiff's testimony regarding the acts and statements of Oakley Anderson was properly overruled.

Plaintiff's motion for a new trial is denied.

So ordered.